## HARRIS et al. v. HUDSON.

No. 17590—Opinion Filed July 9, 1926.

Rehearing Denied Sept. 7, 1926.

Application to File Second Petition Denied Nov. 9, 1926.

(Syllabus.)

1. **Courts—District Court Without Authority to Interfere with Judge of Another District in Enforcement of His Own Judgments.**

A district court of one judicial district of this state has no superior authority nor superintending control over a district court of another judicial district, nor any authority to enjoin or interfere with a judge of another judicial district in the enforcement of his own judgments.

2. **Constitutional Provisions.**

Section 2, art. 7, of the Constitution, vests the Supreme Court with a general superintending control over all inferior courts and all commissions and boards created by law, and vests it with power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, and prohibition.

3. **Courts—District Court Without Jurisdiction to Restrain District Judge of Another County from Enforcing Judgment of His Own Court—Prohibition by Supreme Court.**

Where a district court of one judicial district assumes to exercise a superintending control over the judge of another district by issuing a restraining order, purporting to restrain the judge of such other district from enforcing a judgment of his own court, a writ of prohibition will issue to the judge thus exceeding his jurisdiction and powers.

Original prohibition by V. V. Harris, as receiver of the Riverside Oil & Refining Company, and others, against R. D. Hudson, claiming to act as District Judge of the Twenty-First Judicial District. Writ ordered.

Lydick & McPherren and J. B. Dudley, for petitioners.

H. B. Martin, for respondent.

HARRISON, J. This is an orginal proceeding in this court for a writ of prohibition. Several grounds for the writ are presented, but, stripped of all irrelevant and immaterial matters, the real abstract principle of law decisive of the case is whether a district court of one judicial district has authority to enjoin a district court of another judicial district from enforcing its own judgments.

The judge of the district court of Tulsa county, assuming superior authority over the judge of the district court of Oklahoma county, and assuming to exercise superintending control over the district court of Oklahoma county, has issued a restraining order, which purports and attempts to restrain the district court of Oklahoma county from enforcing a judgment which has been duly rendered by said district court of Oklahoma county, and which has been appealed from to this court and affirmed by this court, and mandate duly issued by this court, directing the said district court of Oklahoma cunty to enforce its said judgment in accordance with said mandate.

Complainants ask this court for a writ prohibiting the said judge of the district court of Tulsa county from attempting to enforce its said restraining order, and from further interference with the district court of Oklahoma county in the enforcement of its said judgment, as directed by mandate from this court.

The said restraining order, omitting the formal parts, is as follows:

"It is therefore considered, ordered, adjudged, and decreed by the court that the defendants and each of them, except the defendant Riverside Oil & Refining Company, be enjoined and restrained until the further order of this court or the judge thereof from taking any step or doing any act to enforce against the plaintiff or his property any provision of the judgment appearing from the journal entry of the district court of Oklahoma county rendered in cause No. 30413 upon the dockets of said court, or under the mandate of the Supreme Court of the state of Oklahoma spread upon the journals of said district court of Oklahoma county; that this restraining order be in effect from and after notice thereof to the defendants upon each of said defendants upon whom notice shall be served; that it remain in force and effect until the 8th day of July, 1926, at which time this order is returnable, or until tne further order of this court or the judge chereof; and that upon the return day of this order this cause shall be heard in this court upon application and petition of the plaintiff for a temporary injunction, unless ordered by the court in the meantime."

"(Signed) R. D. Hudson, Judge."

Respondent contends, in effect, that the party defendant. O. O. Owen, against whom said judgment of the district court of Oklahoma county had been rendered, has begun an action in the district court of Tulsa county to set aside the said judgment of the district court of Oklahoma county and the decision and mandate of this court in said cause and for damages resulting therefrom, upon the alleged grounds that the said judgment of the district court of Oklahoma county, and the decision and mandate of this court, were obtained through fraud, and rendered without any evidence to support said judgment, as a result of a conspiracy among and on the part of the plaintiffs and their attorneys and the district judge of Oklahoma county and certain members of this court to defraud the said O. O. Owen, and that the said judgment, decision, and mandate, having been fraudulently obtained through a conspiracy to defraud the said O. O. Owen, was void because of such fraud. and that the district court of Tulsa county, being a court of general jurisdiction. and vested with general equity of powers, had and has jurisdiction to sustain an action to set aside a valid judgment and an action for damages resulting from a judgment obtained through a conspiracy to defraud, and in aid of its jurisdiction under its general equity powers had and has authority to protect and preserve the property involved in such fraudulent judgment even to the extent of restraining the district court of Oklahoma county from enforcing its own judgment and the decision and mandate of this court.

As to whether the district court. of Tulsa county has jurisdiction in an action for damages and to set aside a judgment which had been obtained through fraud, it is unnecessary and improper to decide in this proceeding; therefore we do not decide whether as an abstract principle of law the district court of Tulsa county has jurisdiction in an action for damages and to set aside a void judgment of the district court of another county. but it does become necessary to decide in this proceeding whether the district

court of Tulsa county has authority to enjoin the district court of Oklahoma county from enforcing its own judgment. This proposition confronts us squarely, as a result of the foregoing restraining order.

It is contended by respondents that the above restraining order was addressed only to V. V. Harris, the receiver of the property involved in said judgment of the district court of Oklahoma county, and was intended to affect only the receiver, still the district ing order speaks for itself, and in so speaking refutes such contention. But, if it were true that the restraining order was intended to affect only the receiver, still the district court of Tulsa county would be as wholly without authority to restrain a receiver appointed by the district court of Oklahoma county from executing the orders of such court as it would to restrain the district court itself from giving orders to its receiver. The receiver in question had been duly appointed by the district court of Oklahoma county, and whose appointment had been affirmed by a decision of this court.

Section 9, art. 7, of the Constitution divided the state into twenty-one judicial districts, and provided that a judge should be elected in each district; making provision, however, for the Legislature to create other districts.

Section 10, art. 7, of the Constitution is as follows:

"The district courts shall have original jurisdiction in all cases, civil and criminal, except where exclusive jurisdiction is by this Constitution, or by law, conferred on some other court, and such appellate jurisdiction as may be provided in this Constitution, or by law. The district courts, or any judge thereof, shall have power to issue writs of habeas corpus, mandamus, injunction, quo warranto, certiorari, prohibition, and other writs, remedial, or otherwise, necessary or proper to carry into effect their orders, judgments, or decrees. The district court shall also have the power of naturalization in accordance with the laws of the United States."

It will be observed from the foregoing that the several district judges of the state are given equal jurisdiction and authority. The judge of one judicial district has no superior or superintending authority over the judge of another district. A court of one district is given no authority over the court of another district; they are all on an exact equality in matters of jurisdiction and power. The district court of Tulsa county has no more authority to restrain the district court of Oklahoma county from enforcing its judgment than the district court of Oklahoma county

has to issue a writ of prohibition prohibiting the district court of Tulsa county from issuing a restraining order.

Such disorder in its very nature would bring about a state of conflict and confusion as hopeless and intolerable as it is absurd, and vice versa, it would destroy, not only the supremacy of the law, but the very law itself. The supremacy of the law must be maintained, and can be maintained only by and through the orderly procedure prescribed by the law itself.

There is no need for resort to the decisions for light, nor need for further discussion of the subject. The whole superstructure of the law supports this principle. It is too obviously fundamental to need precedent for support, although it is supported from every decision wherein such question has been involved. See the following decisions from this court: Kincannon v. Pugh, 114 Okla. 90, 243 P. 945; State v. Melton, 108 Okla. 32, 235 P. 234; State v. District Court, 82 Okla. 54, 198 P. 480, and authorities cited. Also Lion Bonding & Surety Co. v. Karatz, 262 U. S. 77, 43 S. Ct. 480, 67 L. Ed. 871.

Section 2, art. 7, of the Constitution provides:

"The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts and all commissions and boards created by law. The Supreme Court shall have power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, prohibition. * * *"

It is clear from the above provision that this court is vested with power to issue writs of prohibition in proper cases.

The facts herein constitute not only proper grounds for a writ, but present a case which necessarily calls for the superintending control with which section 2, supra, vests this court.

The respondent, judge of the district court of Tulsa county, exceeded his jurisdiction when he issued the restraining order in question, therein assuming to exercise superior authority and superintending control over the orders and decrees of the district court of Oklahoma county. In such case it becomes the duty of this court to issue the writ prayed for.

It is therefore the judgment and decision of this court that the writ of prohibition, as herein prayed for, should issue, and it is so ordered.

BRANSON, V. C. J., and MASON,

PHELPS, LESTER, and HUNT. JJ., concur. NICHOLSON, C. J., and CLARK, and RILEY, JJ., not participating.