## McAUSLAND v. WILLIAMS, District Judge, et al.

No. 26441.  Oct. 22, 1935.

Rehearing Denied Feb. 4, 1936.

Chas. D. Scales, for petitioner.

GIBSON, J. On June 21, 1934, the petitioner recovered a judgment in the district court of Oklahoma county in cause No. 80677 in said court, against S. E. Henson and J. M. Crutchfield, two of the respondents herein. Under the authority of section 437, O. S. 1931, and on July 17, 1934, the petitioner filed in the office of the clerk of the district court of Tulsa county a certified copy of said judgment, with a statement of the costs accrued and due, which transcript was entered on the appearance docket therein under No. 58821 and was docketed upon the judgment docket in the office of said court clerk. On February 20, 1935, execution was issued on said judgment by the court clerk of Oklahoma county and sent to the sheriff of Tulsa county, who proceeded to execute the writ by levy upon, appraisal, and advertisement for sale of certain real estate belonging to one of the judgment debtors. Thereafter, but before the sale date named in the notice of sale, the respondents S. E. Henson and J. M. Crutchfield filed in the original cause

in Oklahoma county their motion to vacate the judgment rendered against them in said cause and to recall the execution, on the ground that the judgment was void upon its face. The motion was denied, from which no appeal was taken. While the aforesaid motion was pending, the respondents S. E. Henson and J. M. Crutchfield filed in the district court of Tulsa county, under docket No. 60445, their petition to vacate the judgment rendered in cause No. 80677 in the district court of Oklahoma county, on the ground that said judgment was void on its face, and in the same action a judgment was sought enjoining the sale of the property levied upon and all further proceedings based upon said judgment of the district court of Oklahoma county. The petitioner herein and the sheriff of Tulsa county, who were defendants in that action, appeared specially and filed pleas to the jurisdiction of the district court of Tulsa county. It is alleged herein that the respondent the Honorable Bradford J. Williams, one of the judges of the district court of Tulsa county, has overruled the objections to the jurisdiction of the district court of Tulsa county filed by the petitioner herein, who was one of the defendants in said cause, and has required the petitioner to file his answer in said cause, and that the judge of the district court of Tulsa county is making an application of unauthorized judicial force in that he is attempting to exercise appellate or superintending control over a judgment of a court of concurrent or co-ordinate jurisdiction. Petitioner prays that this court issue its writ prohibiting the Honorable Bradford J. Williams, one of the respondents herein, in his capacity as a judge of the district court of Tulsa county, from proceeding further in said cause No. 60445. The respondents have not filed any response herein. The allegations of petitioner's application, not being controverted, are taken by us to be true. Petitioner alleges that the judgment of the district court of Oklahoma county in cause No. 80677 is valid on its face and has not been satisfied.

Section 437, O. S. 1931, provides in part as follows:

"* * * An attested copy of the journal entry of any such judgment, together with a statement of the costs taxed against the debtor in the case may be filed in the office of the clerk of the district court of any county and such judgment shall be a lien on the real estate of the debtor within that county from and after the date of filing and entering such judgment on the judgment docket. The clerk shall enter such judgment on the appearance and judgment docket in the same manner and within the same time after such judgment is filed in his office as if rendered in the court of which he is clerk. Execution shall only be issued from the court in which the judgment is rendered, or in which a transcript of a county court judgment is first filed."

When the transcript of the judgment of the district court of Oklahoma county was filed in the office of the court clerk of Tulsa county, such judgment remained a judgment of the district court of Oklahoma county and did not become a judgment of the district court of Tulsa county so as to give that court power to inquire into its validity. The only jurisdiction acquired by the district court of Tulsa county upon the filing of such transcript was to enforce the judgment of the district court of Oklahoma county, not to impair or destroy it. Hudson v. Ely, 36 Okla. 576, 129 P. 11. Nor has the district court of Tulsa county any jurisdiction to restrain the enforcement of a judgment of the district court of Oklahoma county. In Harris et al. v. Hudson, 122 Okla. 171, 250 P. 532, it was held, quoting from the first syllabus:

"A district court of one judicial district of this state has no superior authority nor superintending control over a district court of another judicial district, nor any authority to enjoin or interfere with a judge of another judicial district in the enforcement of his own judgments."

From the allegations of the application herein, it appears that the respondent, judge of the district court of Tulsa county, is exercising superior authority and control over the orders and judgments of the district court of Oklahoma county, which orders and judgments are said to be valid. In so doing he is exceeding his authority.

It is therefore the judgment of this court that the writ of prohibition as herein prayed for issue, and it is so ordered.

McNEILL, C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.