## CHANDLER v. CUMMINS et al.

No. 28472. June 7, 1938.

Rehearing Denied July 26, 1938.

Stanley C. Edmister and Pruett & Wamsley, for plaintiff (petitioner).

A. J. Morris, for defendant.

CORN, J. This is an original proceeding in this court by plaintiff against Honorable Will Linn, Judge of the District Court of Caddo County, and defendant Cummins and his attorney, for a writ of prohibition directing them to refrain from acting or assuming jurisdiction in issuance and levy of execution and collection of a judgment rendered against defendant Cummins in the district court of Rogers county.

February 8, 1936, plaintiff herein was named defendant in an action brought against him by defendant Cummins and one Mitchell in the district court of Rogers county. Upon his cross-petition he recovered judgment against Cummins. April 24, 1937, a certified copy of this judgment was filed in Caddo county, becoming a lien upon defendant's property there, for the purpose of permitting execution from Rogers county to be levied thereon.

July 20, 1937, defendant Cummins filed petition in the district court of Caddo county asking that this judgment be declared void as a cloud upon his title to land in that county. Plaintiff filed his demurrer thereto, but before it was heard defendant filed an amended petition asking that all persons be enjoined from enforcing the Rogers county judgment and that it be declared void as a cloud upon his title. On the date filed (December 23, 1937), in the absence of the district judge from said county, this was pre-

sented to the county judge, who granted a temporary injunction prohibiting anyone from enforcing the Rogers county judgment. The plaintiff's demurrer was thereafter overruled by the district court.

Plaintiff now asks this court for a writ of prohibition, setting forth that the district courts of Rogers and Caddo counties are of concurrent jurisdiction, hence the action of the judge of the district court of Caddo county was in excess of his authority and a refusal to grant full faith and credit to a judgment of another court of concurrent jurisdiction. Further, that at the time of filing the action in Caddo county the defendant had an adequate remedy at law, without asking equity to grant relief, by trying out the validity of this judgment in the district court of Rogers county.

The sole question to be determined by this action is whether the district court of Caddo county had authority or control over the judgment rendered by the district court of Rogers county such as would permit the district court of Caddo county to declare this judgment null and void as a cloud upon the title to land belonging to defendant.

The plaintiff cites and relies upon Harris v. Hudson, District Judge, Tulsa County, 122 Okla. 171, 250 P. 532; and McAusland v. Williams, D. J, Tulsa County. 177 Okla. 25, 54 P.2d 622, both of these being cases wherein a writ of prohibition was granted to prevent judges of the district court from taking further action which would in any way interfere with the enforcement of judgments rendered by a district court of another county.

The facts in both of the cases cited above bear marked similarity to the case at bar. Actions were begun by judgment debtors, temporary restraining orders were issued to prevent enforcement of such judgments, and demurrers to the petitions filed by judgment creditors were overruled, as in the instant case.

However, as pointed out by the plaintiff herein, the facts in the case at bar are stronger by reason of the fact that the judgment from the district court of Rogers county was admittedly valid on its face. However, the defendant herein asserts that the district court of Rogers county was wholly without jurisdiction and could not render a valid judgment against the defendant, inasmuch as Cummins was never served in the action upon which the judgment was rendered, and furthermore the judgment was induced by fraud practiced upon the court. Following McAusland v. Williams, D. J.,

supra, we hold that when the transcript of the judgment of the district court of Rogers county was filed in Caddo county, such judgment remained a judgment of the district court of Rogers county and did not become a judgment of the district court in Caddo county so as to give that court the power to inquire into its validity. The only jurisdiction acquired by the court of Caddo county upon the filing of the transcript of judgment in that county was to enforce the judgment of the district court of Rogers county. It could do nothing to impair or destroy such judgment. See Hudson v. Ely, 36 Okla. 576, 129 P. 11.

If the defendant herein desired to have a determination of the validity of the Rogers county judgment, which was valid on its face, he had an adequate remedy at law by a proceeding in Rogers county to vacate the judgment upon the same grounds for which he asked the district court of Caddo county to grant equitable relief. To hold otherwise would only serve to throw open the way to intolerable conflict between inferior courts of co-ordinate jurisdiction.

It appears that the judge of the district court of Caddo county is exercising superior authority and control over the judgment of the district court of Rogers county, which judgment is, upon its face, valid. In doing this he exceeded his authority. For the reasons stated, the judgment of this court is that the writ of prohibition issue as prayed for.

Writ granted.

RILEY, PHELPS, GIBSON, and HURST, JJ., concur.