THOMPSON v. LINDLEY.

No. 29445.    April 2, 1940.

Rehearing Denied April 30, 1940.

*101 P. 2d 848.*

Evert P. Rhea, of Oklahoma City, for plaintiff in error.

Arnote & Arnote, of McAlester, for defendant in error.

DAVISON, J. The plaintiff in error, O. L. Thompson, commenced this action against "Eugene Lindley, by his father and next friend, M. F. Lindley" in the district court of Pittsburg county, Okla., praying that a judgment theretofore entered by said court in its cause No. 16404 "be declared satisfied" as to the said Thompson and for certain other described relief against proceedings against him for the satisfaction of said judgment.

After the filing of an answer to said petition, the cause was tried by the court without a jury and judgment was entered for the defendant. After the plaintiff's motion for a new trial was overruled, he perfected this appeal.

As the parties appear here in the same order in which they appeared in the trial court, we shall hereinafter refer to them by their trial court designations.

Cause No. 16404, in which the judgment complained of in this action was entered, was an action by Eugene Lindley, a minor, by M. F. Lindley, his father and next friend, against the plaintiff herein and his insurance carrier, Tower Mutual Insurance Company. The judgment in said cause was in favor of said plaintiff and against both of said defendants in the sum of $1,750. When said judgment became final, the judgment creditor's attorneys, Messrs. Arnote & Arnote, wrote to Messrs. Dudley, Hyde & Duval, who had represented both of the defendants in said action, that they were preparing to levy execution on said judgment "unless they desired to pay it off." Thereafter and after certain negotiations (hereinafter described) relative to the satisfaction of said judgment, the insurance company commenced making payments to the judgment creditor on said judgment at

the rate of $300 per month. After a few of such payments had been made, they were discontinued and a balance remained outstanding and unpaid upon said judgment indebtedness. The judgment creditor then commenced execution proceedings to collect the unpaid balance from Thompson, who thereafter instituted the present action.

The plaintiff's claim that the trial court erred in rendering judgment for the defendant is based upon the theory that the defendant had accepted the Tower Mutual Insurance Company as the party primarily liable for payment of the judgment rendered against him and said insurance company in cause No. 16404; that plaintiff thus became the surety rather than the principal as to said obligation; and that the defendant, before accepting said insurance company's payments on said judgment, entered into an agreement extending the time for the satisfaction of said judgment in consideration for said payments, and has thereby released him, as surety, from liability for the balance now remaining unpaid upon said judgment.

In his original brief, counsel for the plaintiff mentions the terms of the contract by which the defendant was insured by the Tower Mutual Insurance Company as if they might have some bearing upon the relation of said insured to his insurer after the judgment was entered against both of them. However, in the reply brief, it seems to be conceded that whatever agreement may have existed between those parties prior to the judgment was merged into the judgment and their status thereby fixed as joint obligors of the judgment indebtedness. We will therefore refrain from discussing any portions of the argument which appear to be inconsistent with the position thus assumed.

Plaintiff advances the proposition that when the creditor of two joint obligors accepts one of said obligors as the one primarily liable and agrees to look to him solely for satisfaction of the debt of both, that obligor thus becomes the principal debtor and the other obligor is thereafter merely his surety with regard to the obligation. Counsel contends that the rule thus stated should have been applied to relieve the plaintiff herein from primary liability for the payment of the judgment in cause No. 16404 upon the hypothesis that in this instance, after said judgment became final without having been satisfied, the defendant expressly or impliedly agreed to accept or to hold the Tower Mutual Insurance Company rather than himself as the obligor primarily liable for the payment of said judgment. In finding all of the issues in favor of the defendant, the trial court in effect found that the evidence herein did not support such a hypothesis. We cannot say that such a finding is against the weight of the evidence. Counsel for the plaintiff have failed to direct our attention to any portion of the evidence in support of his argument on this point, and we have found none. It is true that after the attorneys for the defendant advised the attorneys of record for both of the judgment debtors (Thompson and the insurance company) that they were preparing to have execution issued on said judgment, the insurance company sent its representative to see them in order to ascertain if the judgment could be satisfied for less than the full amount by payments of $200 per month. In his conference with Mr. Walter Arnote, one of said attorneys, the representative learned that the judgment could not be thus satisfied, and thereupon told Arnote that he would have to see if he could get Thompson to help pay the judgment. There is no proof in any of the evidence introduced at the trial that the insurer's representative was not successful in such an endeavor, though it is a conceded fact that the payments which were later made and applied upon the judgment were transmitted to the defendant and/or his attorneys through the medium of drafts upon the insurance company. This fact is insufficient in itself to establish any agreement which would constitute the insurance company the principal obligor of the

judgment indebtedness, relieve the plaintiff of all but secondary liability and justify a holding that the trial court's determination is against the clear weight of the evidence.

With reference to the alleged agreement between the defendant and the insurance company granting the latter an extension of time within which to satisfy the judgment in cause No. 16404, the trial court specifically found that no such agreement was entered into. Neither can this finding be said to be against the clear weight of the evidence. The only evidence as to what arrangements, if any, were made for the satisfaction of the judgment in question is contained in the testimony of Mr. Arnote. This reveals nothing more than that at his conference with said company's representative he learned that said judgment would perhaps be paid in monthly installments of $300 each, and that some time after said meeting such payments were commenced, accepted and applied on said judgment. There is no portion of Arnote's testimony which tends to prove that he or anyone else, on behalf of the defendant, ever agreed to withhold execution on said judgment as long as such payments were forthcoming. In the absence of proof of such a promise, it is neither appropriate nor necessary to discuss the somewhat lengthy argument and list of authorities advanced by the respective counsel regarding the presence or absence of the other necessary elements of a valid and enforceable agreement between the defendant and the plaintiff's insurer extending the time for the satisfaction of the judgment in question. In his argument, counsel for the plaintiff seeks to make use of certain alleged information he claims to have procured from one of the members of the firm of Dudley, Hyde & Duval, that he described to the court before the judgment in this cause was entered, and also certain affidavits submitted in connection with plaintiff's attempt to obtain a new trial. Nothing substantiating the additional circumstances thus asserted, however, appears ever to have been offered as evidence in the cause. Consequently such matters were not before the court when its judgment was rendered, and cannot be considered by this court in determining whether said judgment is in accord with the evidence.

Under the third proposition formulated in the plaintiff's brief, it is asserted that the trial court erred in sustaining objections to certain questions asked the plaintiff as a witness. It is asserted that this was not only erroneous but tended to show prejudice on the part of the court. There is no proper basis upon which these claims can be upheld in view of counsel's failure to submit to the court any statement describing the testimony that his witness would give in answer to said questions. See Tandy v. Garvey, 115 Okla. 214, 242 P. 546.

As we have found no cause for a reversal of the trial court's judgment in any of the alleged errors that have been properly presented herein, said judgment is hereby affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY and HURST, JJ., concur.