THOMPSON v. LINDLEY et al.

No. 29176. April 2, 1940.

Rehearing Denied April 30, 1940.

*101 P. 2d 850.*

Evert P. Rhea, of Oklahoma City, for plaintiff in error.

Arnote & Arnote, of McAlester, and Hemry & Hemry, of Oklahoma City, for defendants in error.

DAVISON, J. The action involved in this appeal is related to the same controversy that is described in the opinion this day filed in cause entitled Thompson v. Lindley et al., 187 Okla. 175, 101 P. 2d 848. Like said cause it was commenced by O. L. Thompson, but was determined in Oklahoma county before the Pittsburg county action referred to was commenced.

The relief which Thompson sought in this case was an injunction to prevent enforcement of the judgment which Eugene Lindley, a minor, by M. F. Lindley, his father and next friend, had recovered against him and Tower Mutual Insurance Company in cause No. 16404 of the district court of Pittsburg county. Said petitioner's alleged cause of action for such relief was directed more particularly against an execution which had been issued by the clerk of said court, directed to Stanley Rogers, sheriff of Oklahoma county, and levied by the latter upon an automobile in the possession of Thompson's wife in Oklahoma county.

The grounds Thompson asserted for the injunction were that he was not a resident of Pittsburg county during the pendency of cause No. 16404, supra; that he was not served with summons in said cause; that he never voluntarily entered his appearance therein; and that the judgment entered therein had in effect been satisfied as to him by the judgment creditor's acceptance of an alleged promise on the part of the Tower Mutual Insurance Company to pay the same.

Sheriff Stanley Rogers, who was made a party to the present action, appeared specially by filing a pleading denominated "Plea to Jurisdiction" wherein he challenged the jurisdiction of the court to entertain the injunction proceedings, and submitted in connection therewith a copy of the journal entry of judgment filed in cause No. 16404, supra, together with copies of pleadings filed on Thompson's behalf in said cause, and a copy of a summons which, according to the sheriff's return thereon, had been served on this petitioner as a defendant in said cause.

After the filing of the above-described pleadings, the cause was submitted to the court by agreement of the petitioner and the respondent, Rogers, without the minor, Eugene Lindley, or his father and next friend, M. F. Lindley, ever having been served with summons nor in any manner entered t h e i r appearances therein nor Tower Mutual Insurance Company having been made a party to the action. The court found that it had "no jurisdiction in said case," sustained the respondent's plea, and dismissed the action.

In support of his contention that the court erred in thus refusing to enjoin enforcement of the judgment entered in cause No. 16404 of the district court of Pittsburg county, the petitioner calls our attention to an excerpt from Corpus Juris (15 C. J. 1142) together with a few early decisions from other jurisdictions cited in the notes thereunder to the effect that a district court of one county may enjoin the enforcement of a judgment of a district court of another county. An examination of the prior decisions of this court readily reveals that such a rule does not apply in this jurisdiction to a case such as is here pre-

sented. In Harris et al. v. Hudson, 122 Okla. 171, 250 P. 532, it was held:

"A district court of one judicial district of this state has no superior authority nor superintending control over a district court of another judicial district nor any authority to enjoin or interfere with a judge of another judicial district in the enforcement of his own judgments."

The quoted rule has been applied more recently in prohibiting certain district courts from enjoining executions levied to satisfy the judgments of other district courts. See McAusland v. Williams, 177 Okla. 25, 54 P. 2d 622; Chandler v. Cummins, 183 Okla. 5, 81 P. 2d 651. Each of the cited cases involved a judgment which, like the one involved herein, did not reflect upon its face the infirmity said to render it void. In our opinion the cited decisions undoubtedly sustain the trial court in the present case in refusing to enjoin enforcement of the judgment in question which upon its face was not void because of the jurisdictional defect asserted by the petitioner.

Nor did the other ground upon which the petitioner sought injunctive relief against the judgment rendered in cause No. 16404, supra, furnish the trial court with an adequate basis for granting it. Obviously, in this action, to which the judgment creditor was not a party, the court had no authority to determine his rights to the enforcement of his judgment on the basis of certain of his acts which were asserted, but had never been adjudged, to constitute, in legal contemplation, a release of said judgment as to the petitioner.

In his brief, the respondent requests this court, in affirming the judgment of the trial court, to also render judgment in the sum of $650 and interest against the petitioner and his sureties upon the supersedeas bond filed herein. The principal sum is the amount represented in said bond to be the value of the automobile which the respondent, under the execution involved herein, levied upon and seized from the possession of the pe-

titioner's wife as hereinbefore mentioned, and subsequently redelivered to her under order of the court. An examination of the record reveals that, according to the provisions of the bond, liability thereon is contingent upon a redelivery of the automobile to the respondent "if same be adjudged," and payment of whatever damages or depreciation may have occurred to it since the respondent relinquished its possession, as well as all "damages, if any, due to staying of execution* * * and costs in case the judgment shall be affirmed in whole or in part." Since there is no showing at this time that liability on the bond has accrued, this matter cannot be determined herein. In this connection, see Kerr v. McKinney, 69 Okla. 88, 170 P. 685.

The judgment of the trial court is hereby affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY and HURST, JJ., concur.