SMITH v. CARTER, Judge.

No. 29806. May 28, 1940.

Rehearing Denied June 25, 1940.

*103 P. 2d 938.*

L. E. Smith, of Seminole, for petitioner.

C. W. Sandlin and W. A. Barnett, both of Okmulgee, for respondent.

OSBORN, J. Petitioner, L. E. Smith, seeks a writ of prohibition to prohibit the Honorable Harland A. Carter, judge of the superior court of Okmulgee coun-

ty, from interfering with the levy of a writ of execution issued out of the district court of Okfuskee county.

It appears that on September 13, 1939, Cora Gann Freeman, and other parties, recovered a judgment against W. C. Duke and certain other parties in the district court of Okfuskee county. The judgment became final on January 1, 1940. Petitioner alleges that he owns a half interest in said judgment. Execution was issued out of the district court of Okfuskee county on January 31, 1940, directed to the sheriff of Okmulgee county and was levied upon certain personal property of O. L. Bates, one of the judgment debtors. Petition for injunction was filed in the superior court of Okmulgee county seeking to enjoin the sheriff from proceeding under the execution. A temporary restraining order was issued and the property released to the judgment debtor. An alias execution was issued by the district court of Okfuskee county and delivered to the sheriff of Okmulgee county, who relevied the same on the same property and proceeded to advertise the same for sale under the execution. Another application for an injunction was filed in the superior court of Okmulgee county and a temporary restraining order issued. The sheriff retained custody of the property. On April 12, 1940, a hearing was had before the superior court of Okmulgee county, and, over the objections of petitioner to the jurisdiction of the court, the court heard evidence and entered a judgment wherein it restrained the sale of said property and directed the sheriff to "hold said automobile in its present custody for a period of five days, in which period defendant may apply to the district court of Okfuskee county, Okla., for such relief as he may demand therein," and in said order purported to transfer the cause to the district court of Okfuskee county.

The respondent, by its answer herein, avers that the judgment rendered by the district court of Okfuskee county had been satisfied and released; while petitioner contends there was only a partial satisfaction and a partial release thereof. That is an issue for determination by the district court of Okfuskee county.

In the case of McAusland v. Williams, 177 Okla. 25, 54 P. 2d 622, it was held:

"A district court of one judicial district of this state has no superior authority nor superintending control over a district court of another judicial district, nor any authority to enjoin or interfere with a judge of another judicial district in the enforcement of his own judgments."

See, also, Chandler v. Cummins, 183 Okla. 5, 81 P. 2d 651; Thompson v. Lindley, 187 Okla. 177, 101 P. 2d 850; Harris v. Hudson, 122 Okla. 171, 250 P. 532.

Prohibition is the proper remedy where an inferior tribunal attempts to exercise judicial power not granted by the law, or is attempting to make an unauthorized application of judicial force. The superior court of Okmulgee county is attempting to interfere with process issued from the district court of Okfuskee county. Petitioner is entitled to the relief herein sought.

In addition to the application for a writ of prohibition petitioner also seeks a writ of mandamus against the sheriff to direct him to proceed to advertise and sell the property under the execution. We may safely assume, however, that the sheriff will perform his duties in this respect if the superior court is prohibited from further interfering therewith.

We feel that the superior court of Okmulgee county will be governed by the opinion of this court, and that it will be unnecessary to issue a formal writ of prohibition; therefore, the writ, at this time, is withheld.

BAYLESS, C. J., and RILEY, HURST, and DAVISON, JJ., concur.