REYNOLDS v. DISTRICT COURT OF WASHINGTON COUNTY et al.

No. 32822.  Dec. 17, 1946.

Rehearing Denied Feb. 4, 1947.

Second Petition for Rehearing Denied March 18, 1947.

*177 P. 2d 830.*

H. L. Smith and Phil W. Davis, Jr., both of Tulsa, for petitioner.

Summers Hardy and Milton W. Hardy, both of Tulsa, for respondents.

RILEY, J.  This is an original proceeding wherein Vera H. Reynolds, petitioner, seeks to prohibit the district

court of Washington county and James T. Shipman, as judge, from interfering with petitioner, her attorneys and representatives, in respect to a judgment obtained by petitioner in the court of common pleas of Tulsa county for the collection of a judgment in an action wherein petitioner was plaintiff and W. D. Reynolds was defendant (case No. 25861) and from, in any manner, proceeding in cause No. 12105 in the district court of Washington county wherein Vera H. Reynolds is plaintiff and W. D. Reynolds is defendant, or otherwise to issue any process or order against petitioner affecting the effect of a final judgment and decree rendered and entered in said court August 17, 1932, in a divorce proceeding wherein petitioner was plaintiff and W. D. Reynolds was defendant.

It appears that on August 17, 1932, in an action then pending in the district court of Washington county, case No. 12105, entitled Vera H. Reynolds, plaintiff, v. W. D. Reynolds, defendant, a decree of divorce was entered granting the plaintiff a divorce and awarding her the care and custody of Helen E. Reynolds, her minor daughter, then 14 years of age, and plaintiff was awarded $100 per month, beginning July 1, 1932, for the support and maintenance of the minor child during her minority, payments to be made to the clerk of the district court of Washington county. The decree became final. Shortly thereafter defendant, W. D. Reynolds, was cited for contempt for failure to pay the first installment of the support money. On September 26, 1932, hearing was had on the citation, resulting in an order discharging defendant, upon the ground of his inability to make the payments. Thereafter no payments were by defendant made.

On October 4, 1939, petitioner, Vera H. Reynolds, commenced an action in the district court of Tulsa county against W. D. Reynolds, to recover judgment on the unpaid monthly installments from July 1, 1932, to July 1, 1936. Plaintiff alleged that the daughter attained her majority on the latter date. She prayed for judgment for $4,800 with interest thereon from July 1, 1936, until paid. The cause was transferred to the court of common pleas of Tulsa county. That action resulted in a judgment for plaintiff in the sum of $2,453.-70, which included interest to August 5, 1941, the date of the judgment. Defendant, W. D. Reynolds, appealed to this court. The judgment was affirmed. Reynolds v. Reynolds, 192 Okla. 564, 137 P. 2d 914.

On June 11, 1946, plaintiff, Vera H. Reynolds, commenced garnishment proceedings in the court of common pleas, making the Equitable Life Assurance Society of the U. S., a New York corporation, garnishee, alleging that the corporation was indebted to defendant. Interrogatories were issued to the garnishee and answers were filed June 29, 1946. A second garnishment affidavit was filed July 9, 1946; interrogatories were propounded and answered July 16, 1946. Notice of plaintiff's election to take issue on the answers to the first interrogatories was filed July 9, 1946, and notice of election to take issue on the second set of interrogatories was filed July 30, 1946.

On March 22, 1941, while the action of Vera H. Reynolds v. W. D. Reynolds was pending in the court of common pleas of Tulsa county, defendant, W. D. Reynolds, filed a petition in the original divorce action in Washington county wherein he sought to have plaintiff restrained from further proceeding in the court of common pleas of Tulsa county pending a full hearing of his petition. By his petition, he sought to have the original decree of the district court of Washington county declared void and the plaintiff permanently enjoined from attempting to enforce that decree. Summons on plaintiff's petition was issued and served upon Vera H. Reynolds. She filed an answer. However, before the answer was filed, she was in default and the court entered default judgment against her. Thereafter she filed a motion to

vacate the default judgment, and the motion appears to have been sustained, though respondent asserts that the appearance docket of the court clerk of Washington county shows that on July 21, 1941, "motion to vacate sustained", but no order sustaining said motion to vacate or vacating said judgment has ever been entered on the journal of that court.

Nothing further appears to have been done in the district court of Washington county pertaining to the cause until the proceedings in garnishment were commenced in the court of common pleas of Tulsa county.

Thereafter W. D. Reynolds filed a motion for leave to file a supplemental petition, and on July 30, 1946, filed in the district court of Washington county, in the original divorce action, a long supplemental petition setting forth numerous alleged reasons why the relief prayed for in his original petition should be granted. He renewed his prayer contained in his original petition and sought an order restraining plaintiff from proceeding further in any court in any manner whatever until final determination of his cause, and that defendant have and recover judgment against plaintiff for the damages alleged to have resulted to defendant.

At the time leave was granted Reynolds to file the supplemental petition, the district court of Washinton county, respondent, James T. Shipman, judge, issued a temporary injunction in that cause enjoining petitioner, Vera H. Reynolds, her attorneys, agents, and servants, and all parties acting by or under her authority, from further proceeding in the cause of Vera H. Reynolds, plaintiff, v. Dana Reynolds, defendant, No. 25861, in the court of common pleas of Tulsa county, and from further proceeding in any court by any proceeding or in any manner or means attempting to further prosecute or enforce the claims of plaintiff, Vera H. Reynolds, arising out of the purported judgment of the court of common pleas of Tulsa

county in favor of Vera H. Reynolds against Dana Reynolds, until the further order of the district court.

On September 16, 1946, plaintiff, Vera H. Reynolds, filed her motion to set aside the order of the court granting leave to file the supplemental petition and granting the temporary injunction. September 17, 1946, defendant, W. D. Reynolds, responded and asked leave to file an amended supplemental petition. Upon the hearing on the motion to vacate, and response, the court entered its order denying the motion and entered a further order permitting defendant to file his amended supplemental petition. Plaintiff objected and excepted, and announced in open court her intention to seek here a writ of prohibition.

We deem it proper to exercise jurisdiction upon the merits of the controversy.

Petitioner contends that respondents are without jurisdiction or power to interfere with the garnishment proceedings in the court of common pleas of Tulsa county, in that the judgment of the court became final upon its affirmance by this court, and the district court of Washington county has no power or jurisdiction to exercise superior authority and control over the judgment or orders of the court of common pleas of Tulsa county.

The general rule is that a district court of one judicial district has no superior authority nor superintending control over a district court of another judicial district, nor any authority to enjoin or interfere with a judge of another district in the enforcement of its judgment. McAusland v. Williams, District Judge, et al., 177 Okla. 25, 54 P. 2d 622; Harris v. Hudson, Judge, et al., 122 Okla. 171, 250 P. 532.

It is also the general rule that after the Supreme Court definitely and explicitly decides issues in controversy and renders its judgment, and its judgment becomes final, upon the issuance of mandate, the trial court is without

authority to review the record, opinion, or judgment of the Supreme Court. Welch v. Welch, 177 Okla. 330, 58 P. 2d 896; Chandler v. Cummins, 183 Okla. 5, 81 P. 2d 652.

The court of common pleas of Tulsa county, in the matter involved, is a court of co-ordinate jurisdiction with the district court of Washington county. The rule stated is applicable to that court.

The petition, amended petition, and supplemental amended petition filed by defendant Reynolds present matters of two classes: First, matters that occurred prior to the entry of the judgment in the court of common pleas; and, second, matters or things alleged to have occurred after the rendition of said judgment. First, defendant presents matters going to the division of property, or property settlement, in the original decree of divorce, and asserts that the attempted enforcement of said decree is inequitable, unjust, and unconscionable.

It is clear that all the matters concerning the division of property between plaintiff and defendant, in the original decree of divorce, have no place in the present controversy. That part of the decree became final in 1932 and the trial court is now without power to inquire into the justness or reasonableness thereof.

Next, it is asserted that said decree has been extinguished as to the care and custody of said minor child, in that the district court of Washington county, by an order entered September 26, 1932, changed, vacated, and modified the original decree as to the custody, maintenance, and support of said minor child. That question was an issue in the trial of the action in the court of common pleas and was adjudicated therein adversely to the claim of defendant, and became final by the affirmance of said judgment. Neither the district court of Washington county nor the court of common pleas now has power to again inquire into that issue.

The defendant's claim that the default judgment entered against plaintiff in the district court of Washington county May 8, 1941, is still a valid and subsisting judgment and has not been set aside, is a matter that has long since been finally settled against defendant's contention. At pages 248 and 249 of the case-made in the appeal to this court from the judgment of the court of common pleas appears a solemn stipulation entered in open court that the motion filed by plaintiff, Vera H. Reynolds, in the district court of Washington county in cause No. 12105, to vacate the default judgment obtained by defendant, Dana Reynolds, in said district court of Washington county on May 8, 1941, had been sustained by said district court and that the motion of defendant, Dana Reynolds, with respect to the issues made under the motion to vacate was overruled by said district court on August 4, 1941. In the face of that solemn stipulation, defendant is in no position to assert that the judgment mentioned has not been finally vacated.

Also, the question of whether the status of the custody of the minor child had been changed by the statement of the court in the hearing on the contempt proceedings in September, 1932, was an issue before the court in the trial of the case in the court of common pleas and was decided by that court and affirmed by this court. So that question is finally settled.

The court of common pleas of Tulsa county held that that court, as a matter of law, was precluded from considering the evidence and making application of the alleged items of set-off of the amount of the Washington county district court judgment.

At the trial of the action in the court of common pleas it was stipulated that the child of the parties attained her majority April 10, 1936. Neither court now has the power to modify the order for support of said minor child since she has long since attained her majority. 17 Am. Jur. 535; Kelly v. Kelly, 329 Mo. 992, 47 S.W. 2d 762, 81 A.L.R. 875.

330

Other matters alleged to have occurred both before and after rendition of the judgment, in favor of plaintiff in the court of common pleas of Tulsa county, are pleaded in defendant's petition, amended petition, and supplemental amended petition. But all of those matters alleged to have occurred prior to the rendition of the judgment have been presented, or could have been presented, in the action in the court of common pleas.

All matters alleged to have occurred after the rendition of the judgment may and can be presented to and determined, according to such merits as they may have, by the court of common pleas of Tulsa county in making up and determining the issues in the garnishment proceedings. That court, having first acquired jurisdiction in said proceedings, should be permitted to fully determine the issues without interference from any other court of co-ordinate jurisdiction. At this time we express no opinion as to the merits of any of those questions.

Writ granted.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.