## STOLL v. ALLEN et al.

No. 32905.  May 11, 1948.

Rehearing Denied Jan. 31, 1950.

Second Petition for Rehearing Denied
March 14, 1950.

*215 P. 2d 559.*

T. L. Blakemore and C. J. Davenport, both of Sapulpa, for plaintiff in error.

L. K. Pounders, of Bristow, Streeter Speakman, of Sapulpa, and Jewell Russell Mann, of Tulsa, for defendants in error.

BAYLESS, J. The question presented by this appeal is whether defendant's failure to issue execution in the county where judgment was rendered within the time prescribed by law to keep said judgment in force deprives her of the right to enforce said judgment in an action pending, but not tried, at the time said judgment becomes dormant in another county to which the judgment lien has been transcribed.

The judgment was rendered in Muskogee county on February 7, 1928, against a predecessor in title of plaintiff and intervener, and was assigned to Pauline R. Stoll. Transcript of the judgment was filed in Creek county on March 10, 1928. The last execution was issued March 27, 1941. John Caruthers acquired title to the land in Creek county in 1934, and thereafter conveyed to Joe Allen. This action was filed in Creek county on July 26, 1945, by John Caruthers to quiet title to the land involved. Petition in intervention was filed by Joe Allen, for whose benefit the action was filed. The petition in intervention set out the payment of taxes on the land by the intervener; asserted a lien against the land for the amount thereof, and prayed that if title was not quieted in intervener, his lien for taxes be foreclosed and the land sold.

On October 29, 1945, plaintiff and intervener filed a second and supplemental petition and petition in intervention in which Pauline R. Stoll was made a party defendant. In that amended and supplemental petition, it was alleged that said judgment, if ever a lien upon the land involved in the action, had ceased to be a lien for lack of timely executions as shown by the records of Creek county.

The defendant, Pauline R. Stoll, answered on December 31, 1945, denying the allegations of the petition of plaintiff and of the intervener, Joe Allen. By cross-petition she pleaded her judgment; alleged that the same had been kept alive by timely executions issued by the court clerk of Muskogee county, and that the same now and had at all times subsisted; prayed that she be decreed to have a lien upon the lands described in the petitions of plaintiff and intervener, and asked that the lands be sold to satisfy said lien, and for all further and equitable relief to which she might be entitled.

On January 9, 1946, plaintiff and intervener took a default judgment against all the defendants except Pauline R. Stoll. On August 31, 1946, plaintiff and intervener, in open court, dismissed their causes of action as to the defendant Pauline R. Stoll. Thereafter, there being some question about the effect of the assignment of the judgment to her, she procured a correction assignment and filed a second amended answer and cross-petition, setting up such correction assignment and asking for the same relief. This amended answer and cross-petition was filed September 25, 1946.

After the filing of said second amended answer and cross-petition, plaintiff and intervener filed a plea to the jurisdiction of the court, which was denied, and they thereupon applied to this court for a writ of prohibition, which was also denied. They then filed a demurrer to the second amended answer and cross-petition on the ground that the court was without jurisdiction to grant cross-petitioner any relief; that she had at all times after September 14, 1945, the date of her corrected assignment, had a speedy and adequate remedy at law, and further, that the second amended answer and cross-petition did not state facts sufficient to constitute a cause of action against them or to entitle her to any relief. This demurrer was sustained, and defendant Pauline R. Stoll appeals.

Defendant contends that plaintiff and intervener invoked the jurisdiction to the superior court of Creek county to pass upon the question of whether said judgment was a lien upon the lands involved; that in the action so brought the trial court acquired jurisdiction and control over the land involved so that defendant could not, by the issuance of execution from the Muskogee county district court, interfere with the jurisdiction of the trial court over the land, or deprive it of power to sell the same and apply the proceeds in event it determined that both intervener and defendant had liens upon the property; that having so invoked the jurisdiction of the court and prevented defendant from enforcing her lien by execution, and then dismissing said action as to her after the time within which she could issue execution had expired, it would be unjust and inequitable to permit them to take advantage of their own conduct, and that the trial court, sitting as a court of equity and exercising equitable jurisdiction, should have retained such jurisdiction, to determine whether or not defendant's judgment was a lien upon the property and to enforce her judgment if it found that same was a lien upon the property.

Plaintiff and intervener assert that the judgment became dormant on March 27, 1946 that the proceedings in the trial court did not restrain or prevent defendant from issuing an execution on her judgment; that the trial court did not inquire into the validity of such judgment and never acquired or retained the equitable jurisdiction essential to authorize the granting of the relief asked by defendant in her cross-petition, that is, the enforcement of her lien, and that no equitable relief was necessary since the statutory proceedings by execution were available. They also assert that if resort to equity was necessary to enforce defendant's judgment, the court rendering the judgment was the only court having jurisdiction to grant relief.

The parties will be referred to here as they appeared in the trial court.

In the case at bar the defendant's judgment was transcribed from Muskogee county to Creek county. In discussing the effect or the force of a transcribed judgment, we held in Hudson v. Ely, 36 Okla. 576, 129 P. 11:

" . . . A transcript of a judgment of a county court filed with the clerk of the district court of another county, renders it a judgment of the latter court only for the purposes of enforcement, and does not forbid the court rendering the judgment from controlling it in respect to other matters authorized by law."

See, also, McAusland v. Williams, 177 Okla. 25, 54 P. 2d 622; Harris v. Hudson, 122 Okla. 171, 250 P. 532, and Chandler v. Cummins, 183 Okla. 5, 81 P. 2d 651.

From the discussion in the above-cited cases it will be observed that even though a judgment be transcribed to another county, it is still treated as the judgment of the court in the county where the same was rendered. It will necessarily follow that an execution to enforce defendant's judgment must issue out of the court in which it was rendered, the district court of Muskogee county.

While it is true as contended by defendant that plaintiff and intervener invoked the jurisdiction of the superior court of Creek county over the lands herein involved, and that an execution of the district court of Muskogee county could not interfere with the jurisdiction of the trial court over the land in the instant case, the lands being in custodia legis (Atlas Supply Co. v. Roberts, 180 Okla. 100, 68 P. 2d 76) it does not follow that defendant is excused or prevented thereby from proceeding in accordance with 12 Okla. St. Ann. §735 to keep her judgment active and enforceable. We held in Thomas, Adm'r, v. Murray et al., 174 Okla. 36, 49 P. 2d 1080:

" . . . and that where the issuance of execution is not prevented by civil process, such statutes will be strictly construed, and the court will refuse to ingraft exceptions other than those contained in the statute itself . . . "

In Miller v. Melone, 11 Okla. 241, 67 P. 479, 56 L.R.A. 620, the Territorial Court cited with approval the holding of the Supreme Court of North Dakota in the case of Merchant's National Bank v. Braithwaite, 75 N.W. 244, 66 Am. St. Rep. 653, wherein the court said:

" . . . When once it is ascertained that for any reason there is no longer any judgment, the proceeding to enforce it must fall to the ground. It is immaterial whether the judgment has been paid, or has ceased to possess life owing to the lapse of time. In either case there is no longer any judgment left to support the steps taken to enforce it. . . ."

Defendant's proposition No. 2, to the effect that where a statute is adopted from another state, the judicial construction already having been placed on such statute by the highest courts of the jurisdiction from which it is taken accompanies it, and is treated as incorporated therein, is not applicable to the case at bar, it coming within the exception to the rule as laid down in the case of State ex rel. Westerheide v. Shilling, 190 Okla. 305, 123 P. 2d 674, wherein this court said:

"The rule that the Legislature, in adopting the statute from another state, is presumed to have adopted the construction placed upon the statute by the highest court of the state from which the statute was adopted, does not apply where there is a conflict in the decisions in the other state; nor will the rule be followed where the courts of the adopting state have for many years given the statute their own interpretation."

The dismissal of the plaintiff's action against the defendant did not affect her suit on her cross-petition. 12 Okla. St. Ann. §§684-5. See Brown v. Massey, 19 Okla. 482, 92 P. 246.

This is an ancillary proceeding wherein the defendant, by her cross-petition, is seeking to enforce her judgment lien against the lands involved herein. We have construed 12 Okla. St. Ann §735 in several cases where ancillary proceedings were pending, and in each instance have held that the pendency of such proceedings does not extend the time for issuing execution, as required in the statute. In Miller v. Melone, supra, we held that the pendency of the creditor's bill to enforce collection of a judgment out of hidden assets did not excuse performance under the statute. In the syllabus of that case we said:

" . . . Such a proceeding is wholly ancillary to the judgment, and in aid

of the execution issued thereon, for the purpose of reaching certain choses in action of the judgment debtor, and having the proceeds thereof applied in satisfaction of the plaintiffs' judgment and if, pending such action, the plaintiffs' judgment becomes dormant by lapse of time, such action must fail."

In McGinnis v. Seibert, 37 Okla. 272, 134 P. 396, we said:

"Under section 5969, Comp. L. 1909, which provides that: 'If execution shall not be sued out within five years after the date of any judgment that now is or may hereafter be rendered, in any court of record in this state, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor'— a judgment will cease to operate as a lien five years after its rendition, where no valid execution is issued within that time, and a judgment cannot be rendered foreclosing the lien after the expiration of five years, though the proceedings to foreclose it had been begun before the expiration of the five years."

Defendant's right to obtain relief in the superior court of Creek county as to this particular property was dependent on the status of the judgment in Muskogee county. If the judgment in Muskogee county became dormant, it follows that defendant's right to relief in Creek county became barred. We do not think the fact that defendant was seeking to impress land in Creek county with her judgment lien operated to extend the statutory time for issuing execution on the judgment rendered in Muskogee county. Miller v. Melone, supra.

Defendant's failure to issue execution within the period prescribed by law, thereby allowing the judgment to become dormant in the county in which it was rendered, deprives her of the right to enforce a judgment lien transcribed to another county in an action pending but not tried at the time the judgment became dormant.

Judgment affirmed.

DAVISON, V.C.J., and CORN, GIBSON, and ARNOLD, JJ., concur. WELCH, J., concurs in result. HURST, C.J., and RILEY and LUTTRELL, JJ., dissent.