Court Clerk — Foreign Judgments — Fees — Library Fund The "flat fee" provisions of 28 O.S. 151 [28-151] — 28 O.S. 161 [28-161] (1968), apply to foreign judgments filed in Oklahoma under 12 O.S. 719 [12-719] — 12 O.S. 726 [12-726] (1968), and the proper fee for such filings is $10. Further, the flat fee schedule is applicable to all domestic judgments filed in counties other than the one in which rendered. The additional $5 provided by Section 155, supra, for cases where personal service is requested on one or more parties should be deposited in the court fund. When a foreign judgment is filed under Section 719, supra, in a county which had a provision for a $1 library fee prior to July 1, 1968, the court clerk is authorized to separate the $1 from the fee tendered for filing said foreign judgment. Where Opinion No. 68-293 conflicts with Opinion No. 68-346, Opinion No. 68-346 governs. The Attorney General has had under consideration your letter of August 1, 1968, wherein you ask the following questions: "1. When any foreign judgment is filed in the office of a Court Clerk in this State under Senate Bill 288 of the 1968 Legislature (the Uniform Enforcement of Foreign Judgments Act), should the fees for such filing be charged and collected by the Court Clerk in accordance with the flat fee schedule set forth in House Bill 1174 of the 1968 Legislature? "2. Whenever an attested copy of a judgment of a State court or a federal court is tendered for filing in a county other than the county wherein the judgment was rendered, as authorized by 12 O.S. 706 [12-706] (1961), what fees should be charged and collected by the Court Clerk? "3. Should said additional Five Dollars ($5.00) for personal service on one or more parties be treated as sheriff's fees and transmitted by the Court Clerk to the sheriff or be deposited to the credit of the court fund? "4. When a foreign judgment is tendered for filing under said Senate Bill 288, and a deposit for cost has been made, must the Court Clerk separate therefrom the $1.00 for the Law Library Fund? created by 19 O.S. 1961 Section 813[19-813] [19-813] ." In addition to your four questions you state that pursuant to your interpretation $10.00 should be charged for filing attested copies of domestic judgments in counties other than the one in which rendered, placing these filings in the "all others" classification of H.B. 1174, 31st Oklahoma Legislature, 2nd Session (1968). Further, you state that it has been your "interpretation of H.B. 1174 that the $20.00 fee provided therein for filing `civil actions' is applicable to filing of a foreign judgment in this State." House Bill 1174, 31st Oklahoma Legislature, 2nd Session (1968) provides in pertinent part: Section 1. "From and after the effective date of this Act, it shall be the duty of the clerks of the District Court and other trial courts of record of this State to charge and collect the fees as herein provided, and none others, in all cases, except those wherein the defendant is charged with a misdemeanor or traffic violation, and except cases coming within the purview of the Small Claims Act. Section 2. "In any civil action filed in District Court after the effective date of this Act, the court clerk shall be required to collect, at the time of filing, the following flat fees, none of which shall ever be refundable, and which shall be the only charge for court costs up to and including the entry of judgment, except as is herein otherwise specifically provided: Actions for divorce, alimony without divorce, separate maintenance, custody or support ............................................ $15.00 Probate and guardianship ........................... $25.00 Judicial Determination of Death .................... $20.00 Adoption ........................................... $15.00 Civil Actions ...................................... $20.00 All others, including actions for forcible entry and detainer ................................. $10.00. . . ." Section 5. "In addition to the flat fees herein provided for, the clerk shall require an additional deposit of Five Dollars ($5.00) in all cases wherein personal service is requested on one or more parties and shall require such additional deposits from time to time as might be needed to pay witness fees, appraisers' fees, mileage fees, or other authorized expenses. . . . . Section 7. "The charges for filing mechanics' and materialmen's liens, notary public bonds, statutory bonds, licensing fees, transmittal of funds other than attorneys' fees (poundage) shall not be affected by this Act, and in those counties where newspaper fees and library fees are presently authorized by law, the clerk shall be entitled to deduct from the flat fee herein established whatever charges for the same as are presently authorized by law." (Emphasis added) Senate Bill 288, 31st Oklahoma Legislature, 2nd Session (1968) provides in relevant part: Section 1. "This act may be cited as the Uniform Enforcement of Foreign Judgments Act. Section 2. "In this act `foreign judgment' means any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state. Section 3. "A copy of any foreign judgment authenticated in accordance with the applicable act of Congress or of the statutes of this state may be filed in the office of the court clerk of any county of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the District Court of any county of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating or staying as a judgment of a District Court of this state and may be enforced or satisfied in like manner. . . . . Section 6. "Any person filing a foreign judgment shall pay to the court clerk those fees now and hereafter prescribed by statute for the filing of an action in the court in which such judgment is filed. Fees for docketing, transcription or other enforcement proceedings shall be the same as provided for judgments of the district courts of this state." In answer to your first question, it is the opinion of the Attorney General that Section 6 of S.B. 288 above dictates an affirmative answer; that is, the provisions of H.B. 1174 govern the fees to be charged for filing foreign judgments in this state. In answer to your second question, your attention is called to Attorney General Opinion 65-462, which declared: "As was said in the Attorney General's opinion of September 11, 1959, a judgment that has been transcribed to another county is still treated as the judgment of the court in the county where the judgment was rendered. See McAusland v. Williams, 177 Okl. 25, 54 P.2d 622; Harris v. Hudson,122 Okl. 171, 250 P. 532. Therefore, it is the opinion of the Attorney General that filing of a journal entry of judgment in a county other than the one in which it was rendered is but a continuance of the cause of action originating in the first county and is not a `proceeding' within the terms of 19 O.S. 813 [19-813] (1961) or 62 O.S. 337.2 [62-337.2] (1961) and the costs imposed thereby cannot be collected." Similarly, docketing a domestic judgment in a county other than the one in which the judgment was rendered would not constitute the commencement of a new "civil action" under Section 2 of H.B. 1174, supra, and it is therefore the opinion of the Attorney General that the proper fee in such cases is the $ 10.00 that is charged for "all others". (This corresponds to your present interpretation regarding domestic judgments.) In answer to your third question, your attention is called to S.B. 343, 31st Oklahoma Legislature, 2nd Session (1968), wherein the compensation of county sheriffs is seen to be established on a salary basis, not on a fee basis. Further, H.B. 1323, 31st Oklahoma Legislature, 2nd Session (1968) states, in relevant part: "All fees, fines and forfeitures shall, when collected by the court clerk be deposited by him in a fund in the county treasury designated the `Court Fund', and shall be used, from year to year, in defraying the expenses of holding court in said county . . . "Claims against the Court Fund shall include only such expenses as may be lawfully incident to the operation of the court in said county, and are approved by the governing board of the Court Fund or a majority thereof." Thus, it is the opinion of the Attorney General that the additional $5.00 for cases where personal service is requested on one or more parties should be deposited to the credit of the court fund. In answer to your fourth question, your attention is called to Section 7 of H.B. 1174, supra. It is the opinion of the Attorney General that in those counties where library fees were authorized on July 1, 1968, the effective date of H.B. 1174, the clerk is entitled to deduct same from the library fund but is not required to do so by H.B. 1174. Finally, in light of the language quoted from Attorney General Opinion 65-462, and the language quoted supra from S.B. 288 and H.B. 1174, it is the opinion of the Attorney General that the proper filing fee for foreign judgments is $10.00, under the heading "all others", and not $20.00, under "civil actions", which has been your interpretation previously. In conclusion, it is the opinion of the Attorney General that the "flat fee" provisions of H.B. 1174 apply to foreign judgments filed in Oklahoma under S .B. 288, and the proper fee for such filings is $10.00. Further, the flat fee schedule in H. B. 1174 is applicable to all domestic judgments filed in counties other than the one in which rendered. In addition, it is the opinion of the Attorney General that the additional $5.00 provided by H.B. 1174 for cases where personal service is requested on one or more parties should be deposited in the court fund. Finally, it is the opinion of the Attorney General that when a foreign judgment is filed under S.B. 288 in a county which had a provision for a $ 1.00 library fee prior to July 1, 1968, the court clerk is authorized to separate the $1.00 from the fee tendered for filing said foreign judgment. Insofar as this opinion is in conflict with Opinion No. 68-346, 68-346 governs. (Reid Robison) ** SEE: OPINION NO. 68-346 (1968) **