## SMITH-WOGAN HARDWARE & IMPLEMENT CO. v. JOS. W. MOON BUGGY CO.

No. 376.   Opinion Filed May 10, 1910.

(108 Pac. 1103.)

1. **CONTRACTS—Varying or Abrogating—Power of Parties.** At any time after a written contract has been entered into the parties may orally, on a fresh consideration, vary or abrogate it; or they may substitute for it a new written one.

2. **PLEADING — Demurrer to Answer.** On demurrer to an answer as defective, in that it does not state facts sufficient to constitute a defense, the pleading must be liberally construed, and all its allegations for the purposes of the demurrer taken as true. And such demurrer can be sustained only where the answer presents defects so substantial and fatal as to authorize the court to say that, taking all the facts to be admitted, they constitute no defense to the cause of action stated in the petition.

(Syllabus by the Court.)

*Error from Caddo County Court; B. F. Holding, Judge.*

Action by the Joseph W. Moon Buggy Company against the Smith-Wogan Hardware & Implement Company. A demurrer to the answer was sustained, and defendant brings error. Reversed and remanded.

*McKnight & Heskett,* for plaintiff in error.
*P. L. Jorgenson,* for defendant in error.

KANE, J. This was an action on a promissory note, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. The defendant answered, alleging, in substance: That said note was executed and delivered by defendant to plaintiff in consideration for goods, wares, and merchandise sold and delivered by plaintiff to defendant, consisting of buggies and vehicles, manufactured and made by the plaintiff. That at the time said goods were sold to the defendant the plaintiff executed a written guaranty, as follows:

Vol. 26—11

"If because of bad material or workmanship a wheel, spring or axle breaks within a year from date of purchase, it may be sent to us and we will repair or send duplicate, paying charges one way. We deliver goods on board cars in good order, free of charge after which our responsibility ceases. We are not responsible for damages or delay while in transit, and cannot allow such claims. We pay no repair bills."

That, while said guaranty provides that plaintiff will pay no repair bills, it was agreed by and between the plaintiff and defendant subsequent to said purchase and the execution of said guaranty that the defendant might repair or have repaired any and all parts of said goods, including the goods embraced in the above guaranty, which should break or become inoperative by reason of bad material or workmanship, and that plaintiff would reimburse said defendant for the amount expended in said repairs, or would give defendant credit for the value of such repairs furnished or provided for by said defendant. That relying upon said oral promise of said plaintiff through its agent to reimburse said defendant for said repairs as above stated, and by reason of the unmerchantable and unfit condition of said goods, and by reason of said latent defects therein existing, the defendant paid out and expended for repairs on said goods the sum of $184.03, for which sum they prayed a credit.

To this answer the plaintiff filed a demurrer, upon the grounds: First, that defendant's second amended answer does not state facts sufficient to constitute a defense. Second, and for a special demurrer plaintiff alleges that defendant's alleged defense of implied warranty does not constitute any sufficient defense to plaintiff's petition herein. Third, and for a further special demurrer plaintiff alleges that defendant's alleged defense of subsequent oral contract by agent does not constitute any sufficient defense to plaintiff's petition herein. This demurrer was sustained, and, the defendant electing to stand on its answer, judgment was rendered against it, to reverse which this proceeding in error was commenced.

As we view the case, the only question in it is whether the answer states facts sufficient to show the execution of an independ-

ent contract subsequent to the sale of the goods and the execution of the written contract, excerpts from which are set out above. There can be no doubt that under the original written contract there could be no recovery, for that contract specifically stipulated that, "We pay no repair bills." It has been held by this court, in *McNinch v. Northwest Thresher Company,* 23 Okla. 386, 100 Pac. 524, that:

"The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of fact; and any representation made prior to or contemporaneous with the execution of the written contract is inadmissible to contradict, change, or add to the terms plainly incorporated into and made a part of the written contract."

But the rule laid down in that case, and analogous cases cited by counsel for defendant in error, have no application to the question involved here. Whilst it is admitted that under the terms of the original contract no recovery for repairs may be had, yet the rule is that "at any time after a written contract has been entered into the parties may orally, on a fresh consideration, vary or abrogate it, or they may substitute for it a written one." Bishop on Contracts (2d Ed.) 174, and cases cited. This is the principle counsel for plaintiff in error invoke. It is true the answer is not as definite and certain as it should be to fully meet the requirements of good pleading; but we think it sufficient to withstand a demurrer. On demurrer to an answer as defective in that it does not state facts sufficient to constitute a defense, the pleading must be liberally construed, and all its allegations for the purposes of the demurrer taken as true. And such demurrer can be sustained only where the answer presents defects so substantial and fatal as to authorize the court to say that, taking all the facts to be admitted, they constitute no defense to the cause of action stated in the petition. 6 Enc. of P. & P. p. 346.

The judgment of the court below is therefore reversed, and

the cause remanded for further proceedings not inconsistent with this opinion.

All the Justices concur.