FENSTERMACHER v. WOODARD et al.

No. 31478.  Oct. 3, 1944.

Rehearing Denied Oct. 24, 1944.

*152 P. 2d 385.*

A. E. Darnell, of Clinton, for plaintiff in error.

Meacham, Meachem & Meacham, of Clinton, for defendants in error.

OSBORN, J.  Clarence R. Fenstermacher, as plaintiff, commenced this action against Roy Woodard, Mabell Woodard, and Ann Sneed, as defendants, in the district court of Dewey county, to cancel a mineral deed and for damages. To reverse a judgment for the defendants, plaintiff has appealed. The parties will be referred to as they appeared below.

The plaintiff alleges in substance that he is the owner in fee simple and in the actual and peaceable possession of certain described real estate; that he derived his title thereto by an administrator's deed from the administrator of the estate of William Fenstermacher,

deceased, who was the father of plaintiff; that William Fenstermacher obtained title by virtue of a general warranty deed from defendants Roy Woodard and Mabell Woodard; that after the execution and delivery of the deed to William Fenstermacher, Roy Woodard caused to be filed a purported mineral deed signed by himself and wife to Ann Sneed; that thereafter Ann Sneed transferred the mineral rights back to Roy Woodard, but such deed has never been placed of record; that the mineral deed is a cloud on plaintiff's title and is a breach of the warranty deed from said Woodard and wife to William Fenstermacher, and that said mineral deed was executed and delivered without consideration and by fraud, and willfully and maliciously executed and placed of record in order to cloud the title to said land. The plaintiff prays for cancellation of the mineral deed and for $85 actual damages and $500 exemplary damages. Roy Woodard and Mabell Woodard filed their joint answer as follows:

"The defendants Roy Woodard and Mabell Woodard for answer to the petition of the plaintiff herein allege and state as follows:

"First: They deny each and every material allegation of said petition except they admit the execution of the instrument identified as Exhibits 'A' and 'B' in said petition.

"Second: The deed from these defendants to William Fenstermacher referred to as Exhibit A in plaintiff's petition was given to the said Fenstermacher in exchange for and as a part of the consideration for a deed of conveyance to the defendant Roy Woodard from the said Fenstermacher covering the following described real estate, to wit: (description) and a true and correct copy of said Fenstermacher's deed with the endorsements thereon is hereto attached marked 'Exhibit 1' and made a part hereof, and the exchange of deeds and mineral grant identified as Exhibit B were made and given at the same time and as a part of one and the same transaction, which transaction also included the purchase by Woodards from Wm. Fenstermacher certain livestock, machinery and equipment which were covered by mortgages which mortgages were due and delinquent and Woodards assumed and paid.

"Third: The said William Fenstermacher prior to the execution and delivery of the deed to the defendant Roy Woodard sold, transferred and conveyed to one W. R. Jarrett an undivided one-half interest in all oil and gas and other minerals in and to the land so conveyed by said Fenstermacher to the defendant Woodard and said mineral interest has at all time since been outstanding, and this mineral deed or conveyance is found recorded in Book 27, Miscellaneous Records, Page 88, office of the County Clerk, Dewey County, Oklahoma, and the same and the record thereof are hereby referred to and made a part hereof as if fully set forth herein.

"Fourth: In the exchange of conveyance as stated above herein, mention or exception of the outstanding mineral grants against land was in each conveyance omitted either by mutual oversight or mistake in failing and overlooking to insert such exception in the respective conveyance, or it was the purpose and intention of the parties that the outstanding mineral interest in the lands conveyed by one would offset the outstanding mineral interest in the last land conveyed by the other.

"Fifth: The plaintiff is a son and an heir of said William Fenstermacher and takes and holds all the right, title, or interest he has in the land described in his petition through the estate of the said William Fenstermacher, and plaintiff has never restored or offered to restore to this plaintiff the outstanding mineral interest in the land his said father so conveyed to this defendant Roy Woodard, and is not entitled to recover against the defendants or any of them upon the alleged cause of action stated in his petition.

"Sixth: The defendants deny that the plaintiff has now or ever had a cause of action against them or either of them but further alleges and states that if he ever did have the same has been and is barred by the statute of limitation of the State of Oklahoma.

"Wherefore, these defendants pray that the plaintiff be granted no relief

against them, that the court grant them such affirmative equitable relief as to the court may seem just, proper and equitable from the evidence in this case."

The defendant Ann Sneed filed a general denial and adopted the answer of the Woodards.

The plaintiff filed demurrers to the answer of Roy and Mabell Woodard, and to the answer of Ann Sneed, upon the grounds that said answers do not state facts sufficient to constitute a defense, which were overruled in all parts, except as to the statute of limitation, which was sustained, to which each of the parties saved exception.

The deeds which were attached to the pleadings as exhibits and introduced in evidence disclose the following information: The mineral deed from Roy Woodard and Mabell Woodard to Ann Sneed was dated November 4, 1931, and filed for record November 5, 1931, at 3 p. m. The general warranty from Roy Woodard and Mabell Woodard to William Fenstermacher was dated November 5, 1931, and filed for record October 21, 1933, at 9 a. m. The mineral deed from William A. Fenstermacher to W. R. Jarrett was dated March 14, 1930, and filed for record April 11, 1930, at 11 a. m. The general warranty deed from William Fenstermacher to Roy Woodard was dated November 5, 1931, and recorded November 5, 1931, at 3 p. m. Neither of the general warranty deeds contained any reservation or exception as to the mineral interests.

It is first contended by the plaintiff that the court erred in overruling the demurrers to the answers. It is well settled that on demurrer to a pleading as defective, in that it does not state facts sufficient to constitute a cause of action or a defense, the pleading must be liberally construed, and all its allegations for the purpose of the demurrer are taken as true. Oklahoma Sash & Door Co. v. American Bonding Co., 67 Okla. 244, 170 P. 511; Jackson v. Moore, 79 Okla. 59, 191 P. 590; Hughes v. Martin, 81 Okla. 89, 196 P. 951; Jackson v.

Moore, supra; Ross v. Breene, 88 Okla. 37, 211 P. 417. If the facts stated in the pleading entitled the party to any relief, a demurrer for want of sufficient facts should be overruled. Oklahoma Sash & Door Co. v. American Bonding Co. supra; Smith-Wogan Hardware Co. v. Moon Buggy Co., 26 Okla. 161, 108 P. 1103.

We think it is obvious from an examination of the pleadings, and these authorities, that the court did not err in overruling the demurrer. In addition to the general denial, the answer alleges mutual mistake in not making an exception or reservation in the general warranty deed, which a court of equity has the power to correct to make the deed conform to the real intention of the parties, when the proof is clear, unequivocal, and convincing as to such mistake and its mutuality. Rochelle v. Anderson et al., 113 Okla. 137, 243 P. 528.

The plaintiff next contends that the court erred in admitting testimony which was incompetent over the objection of plaintiff. But the plaintiff fails to point out the evidence claimed to have been incompetent and improperly admitted. Such assignment is too indefinite to warrant consideration. Conley Drilling Co. v. Rogers et al., 191 Okla. 667, 132 P. 2d 959; Harris et al. v. Boyd, 149 Okla. 196, 299 P. 888.

Other assignments are likewise without merit.

Affirmed.

GIBSON, V. C. J., and RILEY, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.