ALLISON v. CARUTHERS et al.

No. 34385.   Jan. 8, 1952.

*239 P. 2d 759.*

Finch & Finch, Sapulpa, Lawrence L. Jones, Bristow, and W. A. Barnett, Okmulgee, for plaintiff in error.

L. K. Pounders, Bristow, for defendants in error.

PER CURIAM.   John Caruthers, who is a practicing attorney, files this suit on behalf of his grantee, Joe Allen, to quiet title to lands in Creek county, being a part of the allotment of Mary Roberson, a deceased Creek Indian. There are many amended and supplemental pleadings. At the time of the decision in the trial court, the case was pending on the "second amended and supplemental petition and petition of intervention" and upon the "third amended answer and cross-petition of Lula May Roberson" filed by the executor of her estate.

The allegations of the plaintiff and intervener were, in substance, that Mary Roberson, a full-blood Creek Indian, died in 1930, leaving as her only heirs her sons, Amos Roberson, a three-fourths blood, and Leo Roberson, a half-blood; that in 1931, Amos Roberson conveyed his half interest to Zilla Allison; that in 1933, in partition proceedings between Zilla Allison and Leo Roberson, the land was awarded to Zilla Allison, subject to a lien of John Caruthers for an attorney fee of $125; that in 1934, John Caruthers caused an execution and order of sale to be issued and the land was sold by the sheriff and bought in by John Caruthers for $535; that the amount in excess of his fee and costs, to wit: $353.10, was paid to Zilla Allison and she gave her receipt therefor. No point apparently arises by reason of the Indian blood of the parties, and no question of limitations is presented. The petition alleges the need for determination of the heirship of the allottee and sets up other clouds upon the title and prays for a judgment quieting title.

Joe Allen files a petition of intervention adopting the allegations of the petition, alleges the payment of taxes, and asks that the title be quieted or, in the alternative, that his lien for taxes be determined and foreclosed.

The answer and cross-petition denies all allegations not admitted and then alleges, in substance, that during all of the transactions referred to, John Caruthers was acting as attorney for Amos Roberson and his wife, Lula May Roberson, and for Zilla Allison, who was the mother of Lula May Roberson; that after the death of the allottee, Amos Roberson and Lula May Roberson were in difficult financial condition and sought the advice of John Caruthers as their attorney and, in conformity to his advice, Amos Roberson's interest in the lands was conveyed by Amos and Lula May Roberson to Zilla Allison, mother of Lula May Roberson, for a valuable consideration; that it was not, however, the intention of the parties, "all counseled and advised by . . . John Caruthers as their lawyer", that the conveyance should completely extinguish the rights of Amos Roberson and his wife, Lula May Roberson, but that they should have the right of redemption and the right to procure a reconveyance of the property; that the bringing of the partition suit was upon the advice of John Caruthers and that the result of the partition suit was substantially as alleged by the plaintiff; that John Caruthers continued to act as "legal counselor, attorney and advisor to the said Zilla Allison, Amos Roberson and Lula May Roberson", and that the issuance of the execution and the sale of the property and his purchase of the property was had and carried on without knowledge or notice to them, or either of them; that at the time it occurred, the fact that Zilla Allison did not own or claim the entire fee-simple title to the property, "but was holding the title for the purpose of saving herself from financial loss on account of advancements made by her to the said Amos Roberson and Lula May Roberson", was well known to John Caruthers, that he had arranged it all and counseled and advised them and brought about the execution of the transaction; that the pretended purchase of the property by John Caruthers was a purchase for the benefit of Zilla Allison, Amos Roberson and Lula May Roberson, and was so recognized by him; that John Caruthers continuously concealed the sheriff's sale from Zilla Allison, Amos Roberson and Lula May Roberson, and continuously expressed his desire to collect his fee for his services and did not give any indication of a claim of ownership of the land; that he repeatedly advised that Zilla Allison should reconvey the property to Amos Roberson and Lula May Roberson and prepared deeds for that purpose and urged that they be executed; that he prepared a mineral deed dated February 15, 1940, and procured and caused the deed to be signed and executed by Zilla Allison, conveying the minerals to Lula May Roberson; that this conveyance was for a valuable consideration and at the

time John Caruthers was acting as attorney for both parties to the transaction; that the action of John Caruthers in causing and advising this conveyance operated as a conveyance of his interest in the property to his clients; that the mineral deed was delivered and recorded long prior to the purported sale from John Caruthers to Joe Allen, and constituted notice of record of the claims and interest of Lula May Roberson; that the intervener was not therefore a purchaser for value.

The cross-petition alleges that the plaintiff and intervener are committing waste by the production of oil from the property. The prayer is for the denial of relief to the plaintiff and intervener, for the quieting of the title of Lula May Roberson, and for further relief as to the oil and gas production.

There were considerable other proceedings in the court below. A default judgment was rendered against all parties defendant, except one claiming as a judgment creditor of Amos Roberson. The default judgment was later vacated as to Lula May Roberson on evidence that she was not in fact served with summons. The trial court entered judgment against the creditor of Amos Roberson on the ground that while this cause was pending, the creditor allowed the judgment to become dormant. This was affirmed on appeal. See Stoll v. Allen, 202 Okla. 514, 215 P. 2d 559.

Apparently Amos Roberson never appeared and is barred by the default judgment. This defense by Lula May Roberson seems to be the only remaining difficulty in the way of the plaintiff and intervener perfecting their title against all claimants.

As indicated the plaintiff and intervener demurred to the answer and cross-petition filed by Arthur O. Allison, executor of the estate of Lula May Roberson, and this demurrer was sustained. The defendant Allison, executor, elected to stand upon the pleading and the court rendered judgment in favor of the plaintiff and intervener below, who are now defendants in error here. This appeal is from the order sustaining the demurrer and rendering such judgment.

The plaintiff in error, a defendant below, repeatedly alleges that John Caruthers was, during all of the times involved, acting as attorney for the three parties, including Lula May Roberson, and that all of the transactions were had upon his counsel and advice. Plaintiff in error relies strongly upon this relationship of attorney and client, and asserts repeatedly that John Caruthers failed to fulfill the obligation of an attorney in acquiring the property of his clients; that he failed to inform his clients of the proceedings for the sale of the property under which he purchased the property, and failed thereafter to disclose the fact that he had purchased it, but at all times withheld that information and continued to act as though his only interest was for the collection of his fees and continued to recognize his clients as the owners of the land in question.

We are aware that a part of these allegations would at least prima facie seem to be contradicted by the exhibit to the petition disclosing a receipt from Zilla Allison for the amount of the bid in excess of the attorney fee and costs, but as this case was determined upon a demurrer to the answer and cross-petition, we cannot take into consideration matters appearing in the pleadings of the plaintiff which are in contradiction to the allegations of the answer and cross-petition. Upon consideration of a demurrer to the answer and cross-petition, we must construe that pleading liberally, and for the purpose of the demurrer accept all of its allegations as true. If the facts stated in the pleading entitle the pleader to any relief, the demurrer to the pleading must be overruled. See Fenstermacher v. Woodard, 194 Okla. 449, 152 P. 2d 385; Webb v. Brown, 195 Okla. 256, 156 P. 2d 1016. Under the well recognized rule reflected by these and many other opinions of this court,

we must give the pleader full benefit of all allegations of the answer and cross-petition which are properly pleaded.

Since we must accept these allegations as true, we must consider it as admitted that John Caruthers did at all times act as attorney for the three parties, Zilla Allison, Amos Roberson and Lula May Roberson; that he advised the making of the conveyance from the Robersons to Zilla Allison; that he advised the taking of the partition proceedings and entered in the judgment in that case a provision granting to him a lien for his fees; that he later caused the property to be sold under order of sale on this judgment; that he at no time told his clients of this proceeding and after the sale continued to recognize them as owning the property, allowing them the benefit of the income therefrom; that he later advised the making of the deed by Zilla Allison to Lula May Roberson; that he prepared the deed, that the deed was for a valuable consideration, and that in the transaction he represented both parties, including Lula May Roberson, and that at no time did he disclose to them his apparent title under the sheriff's deed. Under such facts, John Caruthers, or his grantee, with notice, would not be entitled to have the title quieted as against his clients. An attorney is not permitted to deal in, or acquire, the property of his client without at all times making full disclosure and dealing with his client most openly and fairly. To this general effect, there are many decisions from this court. See, among others, Watts v. Jackson, 75 Okla. 123, 182 P. 508; Board of Commissioners v. Hazelwood, 79 Okla. 185, 192 P. 217; Gragg v. Pruitt, 179 Okla. 369, 65 P. 2d 994.

Even in the absence of the relation of attorney and client, the facts alleged would amount to an estoppel. See Mason v. Nibel, 129 Okla. 7, 263 P. 121, and Madill State Bank v. Weaver, 56 Okla. 183, 154 P. 478. The allegation that Caruthers advised the execution of the deed from Zilla Allison to Lula May Roberson, prepared the deed and caused it to be executed, acting all the time as attorney for both parties, and that a valuable consideration passed with the transaction represented by this deed, is a sufficient allegation of an estoppel to make the pleading proof as against a general demurrer.

If the intervener, Joe Allen, claims as a bona fide purchaser for value from John Caruthers, it is incumbent upon him to plead and prove the facts to sustain this. Austin v. Evans, 132 Okla. 238, 270 P. 26. This rule has been repeatedly stated.

This court does not undertake to determine at this time whether the condition of the record as alleged is sufficient to put the intervener upon notice of the rights of Lula May Roberson.

The remaining question is whether the answer and cross-petition disclose an interest in Lula May Roberson entitling her to defend. The defendants in error give considerable attention in their brief to the claim that Lula May Roberson did not have or acquire any interest in the property. They call attention to the fact that her original interest was only as the wife of Amos Roberson and that she joined in the conveyance to Zilla Allison only as the wife of Amos. They refer repeatedly to the allegations that Zilla Allison held her title in trust or as security, and did not beneficially own the entire title.

The exact facts involved in the transaction under which the title was conveyed to Zilla Allison are not disclosed by the pleadings of either party, but it is at least asserted in the answer and cross-petition that she held the title as security for advancements made by her. The allegations may also be consistent with a claim that the title was conveyed to her in order to get it out of reach of the creditors of Amos Roberson.

In the latter event, she might hold it as her own. See Phoenix Insurance Co.

v. Hartford, 129 Okla. 204, 264 P. 142, and the late case of Hickory v. Ross, 197 Okla. 543, 172 P. 2d 771, which recognizes the rule, though it defines a limitation.

If Zilla Allison held the title as security for an indebtedness, her rights as a creditor and mortgagee were of course assignable. It is not ordinarily assigned by a conveyance of less than her apparent interest in the land, but the mineral rights apparently represented the principal value, and her conveyance of the mineral rights to Lula May Roberson for valuable consideration, as alleged, would certainly vest some type of interest in Lula May Roberson. The equities could no longer be settled as between Amos Roberson and Zilla Allison alone. The conveyance of the minerals for value would make Lula May Roberson a necessary party to any adjustment of the equities.

There may also be a possibility that Lula May Roberson has further rights as trustee which she is under duty to assert in the interest of Amos Roberson, as beneficiary of a trust. She is the only one of the family group in court and her claim is the only one which stands in the way of the plaintiff and intervener perfecting a complete title.

The least that can be said is that Lula May Roberson would have some rights under the mineral deed and that, accepting the allegations of the answer and cross-petition as true, she acquired those rights and parted with the valuable consideration upon the advice of John Caruthers, and that he prepared the papers and supervised the transaction under which she did this. Accepting these alleged facts as true, John Caruthers or his grantee, with notice, would not be entitled to a judgment quieting the title as against her. Certainly title could not be quieted against her without some adjustment of equities.

Counsel for defendants in error cite several cases, the latest being Davis v. Travis, 175 Okla. 21, 52 P. 2d 72, to the effect that where a party has waived or failed to exercise the right to rescind a transaction for fraud, the right does not accrue to the subsequent creditors or purchasers. According to the express terms of these decisions, they are limited to situations where there exists no confidential relationship, making it necessary to preserve the right in order to prevent a failure of justice. Under the allegation of the answer and cross-petition, John Caruthers would owe substantially the same duty to Lula May Roberson as to Zilla Allison or Amos Roberson, and her rights can be based directly upon the breach of the obligation to her.

Comments herein made as to the nature of the rights the plaintiff in error may be able to assert are not, of course, intended to restrict her claims in event of a retrial, and, of course, nothing herein said is intended to indicate a prejudging of the facts with reference to the alleged breach of duty of the attorney, John Caruthers. We have under consideration only the pleadings as they stand.

The order sustaining the demurrer to the answer and cross-petition was in error. The cause is reversed, with instructions to overrule the demurrer to the answer and cross-petition and take such further proceedings as are consistent with this opinion and as right and justice may require.

This court acknowledges the services of Attorneys Earl Q. Gray, Ezra Dyer, and Marvin Shilling, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V. C. J., and CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.