HOLT v. JONES et al.

No. 35299.   Oct. 28, 1952.

Rehearing Denied Jan. 6, 1953.

Application for Leave to File Second Petition for Rehearing Denied Feb. 3, 1953.

*252 P. 2d 460.*

Byrne A. Bowman, Oklahoma City, for plaintiff in error.

Wallace & Dollarhide, Oklahoma City, for defendants in error.

DAVISON, J. This is a suit in the nature of a creditors' bill brought by Robert A. Holt, as plaintiff, against Barbara Jan Jones and the subsequently joined Sarah M. Jones, Creekmore Wallace, and C. Lewis Dollarhide, all defendants, to vacate various conveyances of real estate as being in fraud of creditors. The parties, appearing here in the same order, will be referred to as they appeared in the trial court.

Plaintiff has appealed from a judgment rendered against him when he elected to stand upon his amended petition after the trial court sustained the several motions to dismiss filed by the defendants and considered by the court as demurrers. The petition and amendment thereto are as follows:

"1. Barbara Jan Jones appears of record to be the owner of the following described property situate in Oklahoma County, Oklahoma:

"Lots One (1) to Six (6) inclusive, and Lots Nineteen (19) to Twenty-Three inclusive, and the minerals under Lot Twenty-Four (24), in Block (1), and the minerals under Lot One (1), in Block Two (2), all in Donly Heights Addition to Oklahoma City, according to the recorded plat thereof.

"Her mother, Sarah M. Jones, became the owner of said lots as described, upon the death of Sarah M. Jones' father, John William Johnston, October 16, 1947, and under the decree of distribution in his estate rendered in Case No. 24,984, County Court of Oklahoma County, April 14, 1949. Sarah M. Jones was bequeathed and devised a two-thirds interest in said estate, and said lots were set aside to her interest and ownership under said decree, one-third of her interest (which is two-ninths of the estate) being distributed to Liberty National Bank of Oklahoma City, and one-third of her interest (which is two-ninths of the estate) being distributed to Gus Rinehart, her attorney, each of whom held assignments or quit claim deeds, or both, from her, or from her through Harry S. Carlin or Charles B. Jones, as securities for indebtedness. When the indebtednesses were satisfied they conveyed said lots at her direction, or for her purposes, at the direction of unknown persons, to Barbara Jan Jones.

"2. Said conveyances were made when Sarah M. Jones was indebted to plaintiff and others, and was insolvent. They were made, insofar as Sarah M. Jones, her agents, Barbara Jan Jones, and the plaintiff were concerned, in bad faith, without fair and valuable consideration for the purpose and with the intent of hindering, delaying, and defrauding plaintiff and other creditors; such fraud obstructs the enforcement of the legal right of plaintiff and other creditors to take the property; and are void as against plaintiff and other creditors.

"3. Sarah M. Jones' indebtedness to plaintiff was, and is, as follows:

"a. Contract dated March 27, 1948, which she abandoned about one year later, under which plaintiff had advanced and loaned $3,035.94, which was due him at time of abandonment.

"b. Promissory note for $3,600.00 dated March 21, 1949, payable on demand.

"c. Promissory note for $2,065.00, dated August 18, 1949, payable $400.00 on September 18, 1949, $155.00 on October 18, 1949, and $1,510.00 on November 18, 1949."

Her indebtedness to others, so far as known to plaintiff, was, and is, as follows:

"d. Judgment held by Pacific Employers Insurance Company for $14,-304.39, $943.05 interest, and $1,430.00 attorney fee, rendered April 15, 1949, on promissory note dated April 28, 1948, suit filed March 16, 1949, Case No. 120027, District Court of Oklahoma County, Oklahoma. (This judgment has been released to Lot 1, in Block 2, and as to Lot 24, in Block 1.)

"e. Judgment held by First National Bank of Bethany, Oklahoma, for $1,-972.51, an attorney fee of $370.00, and costs, rendered December 22, 1948, in Case No. 118,900, District Court, Oklahoma County, Oklahoma.

"f. Promissory note for $1,600.00 payable to First National Bank & Trust Company, Oklahoma City, Oklahoma, dated May 31, 1949, due August 23, 1949, and extended by payment of interest to October 22, 1949.

"4. First Cause of Action. Lots 1 to 6 and 23 and 24, Block 1. Plaintiff adopts all of the foregoing paragraphs of general allegations. The following deeds are fraudulent and void as against plaintiff and he claims an equitable lien, prior to all creditors, against said property (the earlier deeds are transfers of Sarah M. Jones' interest in trust; the final deeds are from the trustees to Barbara Jan Jones):

"a. 'Sale and Assignment' of a 4/18 interest in the said estate, from Sarah M. Jones to Harry S. Carlin, dated March 5, 1948, filed February 5, 1949, recorded in Book 1158 at Page 453, records in office of county clerk of said county.

"b. Quitclaim deed from Liberty National Bank et al. to Sarah M. Jones, dated April 14, 1949, filed April 14, 1949, recorded in Book 1178, Page 200.

"c. Quitclaim deed from Sarah M. Jones to Charles B. Jones, dated April 15, 1949, filed April 28, 1949, recorded in Book 1182, Page 343.

"d. Quitclaim deed from Harry S. Carlin to Charles B. Jones, dated November 15, 1949, filed December 21, 1949, recorded in Book 1276, Page 359.

"e. Quitclaim deed from Charles B. Jones to Barbara Jan Jones, dated October 24, 1950, filed October 25, 1950, recorded in Book 1410, Page 530 (covering Lot 23 and the minerals under Lot 24).

"5. Second Cause of Action. Lots 19 and 20, Block 1. Plaintiff adopts all of the foregoing paragraphs of general allegations. The following deeds are fraudulent and void as against plaintiff and he claims an equitable lien, prior to all creditors, against said property (the earlier deeds are transfers of Sarah M. Jones' interest in trust; the final deeds are from the trustees to Barbara Jan Jones):

"a. 'Sale and Assignment' of a 4/18 interest in the said estate, from Sarah M. Jones to Harry S. Carlin, dated March 5, 1948, filed February 5, 1949, recorded in Book 1158 at Page 543, records in office of County Clerk of said county.

"b. Quitclaim deed from Liberty National Bank et al. to Gus Rinehart, dated April 14, 1949, filed April 14, 1949, recorded in Book 1178 at Page 197.

"c. Quitclaim deed from Harry S. Carlin and wife to Gus Rinehart, dated November 15, 1949, filed December 21, 1949, recorded in Book 1276 at Page 357.

"d. Quitclaim deed from Gus Rinehart to Barbara Jan Jones, dated October 9, 1950, filed October 25, 1950, recorded in Book 1410, Page 527.

"6 Third Cause of Action. Lots 21 and 22, Block 1. Plaintiff adopts all of the foregoing paragraphs of general allegations. The following deeds are fraudulent and void as against plaintiff and he claims an equitable lien, prior to all creditors, against said property (the earlier deeds are transfers of Sarah M. Jones' interest in trust; the

final deeds are from the trustees to Barbara Jan Jones):

"a. 'Sale and Assignment' of a 4/18 interest in the said estate, from Sarah M. Jones to Harry S. Carlin, dated March 5, 1948, filed February 5, 1949, recorded in Book 1158 at Page 453, records in office of county clerk of said county.

"b. Quitclaim deed from Sarah M. Jones and others to Liberty National Bank, dated April 14, 1949, filed April 14, 1949, recorded in Book 1178, Page 199.

"c. Quitclaim deed from Liberty National Bank et al. to Sarah M. Jones, dated April 14, 1949, filed April 14, 1949, recorded in Book 1178, Page 200.

"d. Quitclaim deed from Sarah M. Jones to Liberty National Bank, dated May 16, 1949, filed August 30, 1949, Book 1226, Page 219.

"e. Quitclaim deed from Liberty National Bank to Gus Rinehart, dated May 17, 1949, filed August 30, 1949, Book 1226, Page 220.

"f. Quitclaim deed from Harry S. Carlin and wife to Gus Rinehart, dated November 15, 1949, filed December 21, 1949, recorded in Book 1276 at Page 357.

"g. Quitclaim deed from Gus Rinehart to Barbara Jan Jones, dated October 9, 1950 filed October 25, 1950, recorded in Book 1410, Page 527.

"7 Fourth Cause of Action. Lot 1, Block 2. Plaintiff adopts all of the foregoing paragraphs of general allegations. The following deeds are fraudulent and void as against plaintiff and he claims an equitable lien, prior to all creditors, against said property (the earlier deeds are transfers of Sarah M. Jones' interest in trust; the final deeds are from the trustees to Barbara Jan Jones):

"a. 'Sale and Assignment' of a 4/18 interest in the said estate from Sarah M. Jones to Harry S. Carlin, dated March 5, 1948, filed February 5, 1949, recorded in Book 1158 at Page 543. records in office of county clerk of said county.

"b. Quitclaim deed from Sarah Jones and others to Lilah Bennett, dated

about April 14, 1949, filed April 20, 1949, recorded in Book 1180, Page 1.

"c. Quitclaim deed of Sarah M. Jones to Lilah Bennett of surface only, dated about August 26, 1948, filed August 26, 1948, recorded in Book 1102, Page 349.

"d. Quitclaim deed from Liberty National Bank to Lilah Bennett, dated April 29, 1949, filed May 10, 1949, recorded in Book 1186, Page 357.

"e. Quitclaim deed from Harry S. Carlin to Lilah Bennett, dated November 15, 1949, filed December 21, 1949, recorded in Book 1276, Page 358.

"f. Mineral deed from Lilah Bennett to Charles B. Jones, dated November 15, 1949, filed December 21, 1949, Book 1276, Page 360.

"g. Quitclaim deed from Sarah M. Jones and others to Charles B. Jones, dated February 6, 1950, filed April 24, 1950, Book 1329, Page 53.

"h. Quitclaim deed from Charles B. Jones to Barbara Jan Jones, dated October 24, 1950, filed October 25, 1950, recorded in Book 1410, Page 530.

"Wherefore, plaintiff prays that all of said deeds be decreed fraudulent and void as to plaintiff, that said property be impressed with an equitable lien in the aggregate sum of $12,000 of Sarah M. Jones' indebtedness to him, a reasonable attorney fee, and costs."

"Second Amendment to Petition

"1. Sarah M. Jones, the debtor, is being sued by the plaintiff in this court on the indebtedness referred to in Paragraph 3 of plaintiff's petition in the following cases, such cases being pending at this time:

"a. Contract of March 27, 1948: Case No. 126,153.

"b. Promissory Note of $3,600: Case No. 126,168.

"c. Promissory note of $1,620.03: Case No. 126, 154."

Plaintiff is entitled to have the deeds referred to in plaintiff's petition set aside as to Sarah M. Jones.

"2. On September 12, 1951, the defendant, Barbara Jan Jones (who has married since the filing of this suit, and whose name is now Barbara Jan Jones Lea), made, executed, and delivered unto Creekmore Wallace and C. Lewis Dollarhide a mortgage purporting to cover all the lots described in plaintiff's petition, purporting to secure a promissory note of said date, filed in the office of the County Clerk of Oklahoma County on September 14, 1951, and recorded in Book 1517 of said Clerk's records at Page 336. This was after the filing of this suit. Creekmore Wallace and C. Lewis Dollarhide have acquired no lien, right, title, or interest in or to said property as against the rights of plaintiff, and if they have any rights they are inferior to the rights of plaintiff.

"Wherefore, plaintiff renews plaintiff's prayer for judgment and prays that Creekmore Wallace and C. Lewis Dollarhide be decreed to have no lien, right, title or interest in or to said property, or, if they have any, that it be decreed inferior to that of plaintiff."

The only question presented by this appeal is whether or not the petition as amended states a cause of action. It is worded in such a manner and contains so many statements of mere conclusions of law that it is somewhat difficult to analyze what cause of action, if any, has been stated therein. But, in line with the general rule which this court has always followed, the petition will be liberally construed and for the purpose of determining the merit of the demurrer all the allegations will be taken as true. Holt v. Board of County Com'rs of Oklahoma County, 205 Okla. 178, 236 P. 2d 476; Allison v. Caruthers, 205 Okla. 582, 239 P. 2d 759.

But where, upon giving full import and consideration to all the inferences that may be legally drawn therefrom, a petition, taken as a whole, fails to state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant, a demurrer thereto should be sustained. Davis v. City of Okmulgee, 174 Okla. 429, 50 P. 2d 315; Alfe v. New York Life Ins. Co.,

180 Okla. 87, 67 P. 2d 947; Raley v. Thompson, 203 Okla. 633, 225 P. 2d 171.

In the case at bar, plaintiff has attempted to state a cause of action under the provisions of 24 O.S. 1941 §§5 and 10. The only conclusion which can be reached from the allegations contained in the petition, and the statements in the briefs of both parties sustain it, is that as to the property described in all causes of action Sarah M. Jones parted with her title by the execution of the instrument designated "Sale and Assignment," which was dated March 5, 1948. Every item of indebtedness due to plaintiff or to anyone else as disclosed by the petition, was incurred subsequent to that date. There is no allegation in the petition that any conveyance was made with the fraudulent intent to incur the debts or any of them. Nor did plaintiff extend credit on the faith of the grantor's ownership of the particular property conveyed.

This brings the case squarely within the rule discussed and applied by this court in the early case of Van Arsdale v. Findley, 37 Okla. 425, 132 P. 135. Therein, it was said:

"Section 1213, Comp. L. 1909, (24 O.S. 1941, sec. 10), in effect limits the creditors who may attack voluntary conveyances to those whose debts were in existence at the time the conveyances were made. * * * While the statute and decisions constantly speak of fraudulent conveyances as being void, it is clear that they are not void but merely voidable. They are good as between the parties, and can only be set aside upon the suit of creditors. A subsequent creditor, who has not extended credit on the faith of the ownership of the property, is not wronged in any way. * * *"

Measured by the standards outlined in the last-cited and quoted case, plaintiff's petition does not state facts sufficient to constitute a cause of action and the trial court was correct in so holding. The fact that the conveyance complained of was made prior to the inception of plaintiff's debt distinguishes the case at bar from those cases cited and relied upon by plaintiff in his brief filed herein.

In the trial court and before issues joined, the plaintiff attempted to take the depositions of Barbara Jan Jones, Cliff M. Jones and Sarah M. Jones, but said witnesses refused to testify upon the ground that plaintiff's petition did not state facts sufficient to constitute a cause of action. In the final judgment, the court further adjudged that plaintiff was not entitled to take their depositions nor to an order requiring them to testify.

As hereinabove explained plaintiff's petition did not state facts sufficient to constitute a cause of action, nor did it state facts sufficient to entitle plaintiff to maintain the action. Sections 383 and 434 of Title 12 O.S. 1941 are those statutes which plaintiff contends give him the right to take the depositions. Whatever rights are conferred by these sections are conferred upon "the parties" to an action and it logically follows that if there is no cause of action there can be no parties to it. Therefore, plaintiff has not brought himself within that class for whose benefit the statutes were enacted. The trial court's order on this phase of case was proper.

The judgment is affirmed.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, O'NEAL, and BINGAMAN, JJ., concur.