Ethel BROWN, Plaintiff in Error,

v.

The EASTMAN NATIONAL BANK OF NEWKIRK, a corporation, Defendant in Error.

No. 36856.

Supreme Court of Oklahoma.

Dec. 20, 1955.

Lester R. Maris, Ponca City, for plaintiff in error.

William H. Cline, Newkirk, for defendant in error.

JACKSON, Justice.

Ethel Brown, plaintiff in error (plaintiff below), appeals from an order and judgment of the trial court sustaining a general demurrer to her petition against the Eastman National Bank of Newkirk. The parties will be given their trial court designations.

Plaintiff alleged in her petition that she and her late husband, S. L. Brown, were the owners of a joint account in the defend-

ant bank, the Eastman National Bank of Newkirk. That this account was owned by plaintiff and her husband as joint tenants, with right of survivorship, and not as tenants in common, and with either party entitled to write checks on said account. That on November 15, 1952, the balance in said account was $3,396.81, and that on November 17, 1952, the president of defendant· bank informed plaintiff that one Helen Tibbits had presented a check for payment signed by said S. L. Brown in the amount of $3,296.81. Plaintiff further alleges that she then ordered payment of the check stopped and that the defendant bank disregarded her order and paid the check to Helen Tibbits on said date. That thereafter, and on November 19, 1952, her husband died, leaving plaintiff, the surviving joint tenant, as the sole owner of the bank account. She prayed judgment for the amount of the check, together with interest and costs.

It is contended by the plaintiff that one of the owners of a bank account, owned in joint tenancy, may stop payment on a check drawn by the other joint owner. This contention raises the principal question presented on this appeal, that is, whether payment of the check drawn by S. L. Brown, the other joint owner of the account, after notice by plaintiff to stop payment was a violation of the bank's duty toward plaintiff under the facts alleged in her petition.

█ Defendant's general demurrer admitted all facts well pleaded in the petition, together with all inferences which may be reasonably drawn therefrom. Therefore, if it may be reasonably inferred from the facts pleaded in the petition that the bank owed plaintiff the duty to refuse payment of the check in question upon her request to do so, then the petition stated a cause of action. But if such duty could not be reasonably inferred from the facts pleaded, the petition did not state a cause of action and the demurrer was properly sustained. Holt v. Jones, 208 Okl. 30, 252 P.2d 460.

█ The relation between a bank and its depositor is contractual. Security State Bank of Comanche v. W. R. Johnston &

Co., Inc., 204 Okl. 160, 228 P.2d 169. The contract entered into when the depositor opens a general checking account at a bank is usually one that is implied; the depositor delivers his money or funds to the bank in return for which the bank assumes the obligation to pay out on his demand or order a sum equal to the deposit balance. 7 Am. Jur., Banks, § 442.

In the instant case it is not alleged that plaintiff and defendant entered into any express agreement respecting her right to control the deposit account. She would not, then, have a right to stop payment on a check drawn by the other joint owner of the account unless such right can be inferred from the mere fact that she is one of the joint owners.

■ This court has held that a check is merely an order on the bank to pay money, and the maker has the right to stop payment thereon at any time before acceptance. First National Bank of Durant v. School Dist. No. 4, Bryan County, 31 Okl. 139, 120 P. 614, 39 L.R.A.,N.S., 655; Young v. Hembree, 181 Okl. 202, 73 P.2d 393. But the question of the right of one joint depositor to stop payment of a check drawn by another joint depositor has not been before this court.

Our attention is invited to Esling v. City National Bank & Trust Co. of Battle Creek, 278 Mich. 571, 270 N.W. 791, 792, in which the Michigan Court had under consideration the construction of a statute of that State which provided for the manner of giving notice by one joint depositor to stop payment on a check drawn by the other joint depositor. The provisions of such a statute would, of course, form a part of the contractual agreement between the bank and the joint depositors, and would authorize one joint depositor to stop payment on a check drawn by the other joint depositor by giving the statutory notice. Since Oklahoma has no similar statute, the cited case would not be applicable here.

■ The only statutory recognition of joint bank accounts in this state is found in 6 O.S.1951 § 118o, which reads in part as follows:

"When a deposit has been made or shall hereafter be made, in any bank or trust company transacting business in this State in the names of two or more persons, payable to either, or payable to either or the survivor, such deposit, or any part thereof, * * * may be paid, to either of said persons, where the deposit is made in the name of husband and wife, * * *; and the receipt or acquittance of the person so paid shall be a valid and sufficient release and discharge to the bank for any payment so made."

This statute authorizes the bank to pay the deposit, or any part thereof, to either of the joint depositors, and where, as alleged in plaintiff's petition, either party is entitled to write checks thereon, it follows that the bank is authorized to pay the deposit, or any part thereof, on the order of either party.

It is argued by plaintiff that, because she was a joint owner of the account, she had a right to exercise control over it, including the right to stop payment of the check drawn against the account by her husband. But this asserted right by the plaintiff is inconsistent with the right of the husband to write checks on the account. We think that since the husband was entitled to write this check on the account, he was entitled to have it paid and that it was the duty of the bank to pay the check when it was presented for payment. That is the reasonable inference to be drawn from the facts pleaded. We cannot reasonably infer that it was the duty of the bank to comply with plaintiff's request to refuse payment of the check because such inference is in conflict with the pleaded facts.

We hold therefore that the petition failed to state a cause of action and the order sustaining the demurrer was proper.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY and HUNT, JJ., concur.

BLACKBIRD, J., dissents.