Thomas A. BAMBERGER, Plaintiff in Error,

v.

DOLLAR SAVINGS BANK OF the CITY OF NEW YORK, Defendant in Error.

No. 40415.

Supreme Court of Oklahoma.

May 19, 1964.

Rehearing Denied Nov. 17, 1964.

Jack Gray, Oklahoma City, for plaintiff in error.

R. B. Holtzendorff, Oklahoma City, Ross, Holtzendorff & Hurd, Oklahoma City, of counsel, for defendant in error.

IRWIN, Justice.

Dollar Savings Bank of the City of New York, referred to as Bank, commenced proceedings against Thomas J. Bamberger and others to recover judgment on a promissory note and for the foreclosure of a real estate mortgage. Bamberger filed a verified answer denying Bank's right to recover and by way of a cross petition sought damages resulting from the foreclosure action and a reasonable attorney's fee. Bank filed a motion to make more definite and certain, a motion to strike and a demurrer to the answer of Bamberger.

The trial court sustained Bank's motions and its demurrer and Bamberger elected to stand on his pleadings. Thereafter, the trial court found Bamberger failed to file an amended answer and cross petition and was in default. The trial court then proceeded to hear evidence submitted by Bank and rendered judgment in its favor. Bamberger lodged the present appeal.

## PROPOSITION I

Bamberger contends the trial court erred in sustaining Bank's demurrer to his answer and rendering a default judgment against him on his failure to further plead.

In considering this issue we find that the basis for Bank's action, which was filed on March 7, 1962, was that the payments on the note and mortgage had been in constant default since October 1, 1961, and under the terms and conditions of the note and mortgage it was entitled to foreclose the mortgage. Bamberger in his answer denied each, every and all material allegations of Bank's petition and demanded strict proof of the same. In ad-

dition, Bamberger alleged that he had purchased the property from the other defendants in July, 1961; that all the mortgage payments were then current through July, 1961; that he paid and the Bank accepted the mortgage payments for August, September and October, 1961, and that he has tendered the monthly payments to Bank each and every month since November 1, 1961, and Bank refused to accept them; and that he is holding the payments and offers to pay the same in court.

In Shaw v. Grumbine, 137 Okl. 95, 278 P. 311, we held:

"On demurrer to an answer as defective, in that it does not state facts sufficient to constitute a defense, the pleadings must be liberally construed, and all its allegations for the purposes of the demurrer taken as true."

See also Allison v. Caruthers, 205 Okl. 582, 239 P.2d 759.

When the Bank interposed its demurrer to the answer of Bamberger on the grounds that the allegations and statements contained in the answer were insufficient to constitute a defense, it, in effect, admitted that all the monthly mortgage payments had been paid and accepted by it through October 1, 1961. It also, in effect, admitted that for each and every month after that time, Bamberger had tendered the monthly mortgage payments and that it refused to accept them. Since Bank's foreclosure action is predicated solely on the allegations that the payments on the note and mortgage had been in constant default since October 1, 1961, and by interposing its demurrer it, in effect, admitted that the October 1, 1961 payment had been paid and accepted by it, and that Bamberger had tendered all subsequent payments but it refused to accept them, the trial court erred in sustaining Bank's demurrer to Bamberger's answer and in rendering a default judgment in favor of Bank after Bamberger elected to stand on his pleadings.

## PROPOSITION II

Bamberger alleged in his answer that he was entitled to an award for attorney's fee for defending the action, and that the same should be in the sum of $968.42. This is the same amount of attorney's fee Bank prayed for and was awarded in the journal entry of judgment.

The trial court sustained Bank's motion to strike this allegation and Bamberger contends the trial court erred in sustaining such motion.

Title 42 O.S.1961, § 176, provides:

"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

In Ohio Nat. Life Ins. Co. v. Dobbs, 40 Okl. 147, 282 P. 306; and Federal Land Bank of Wichita, Kansas v. Denson, 172 Okl. 225, 44 P.2d 891, we held that by virtue of Title 42 O.S.1961, § 5, which provides that "Contracts of mortgage and pledge, are subject to all the provisions of this chapter," an action to foreclose a mortgage is an action to enforce a lien as contemplated by Sec. 176, supra, and the party for whom judgment is rendered is entitled to recover a reasonable attorney's fee to be taxed as costs even though no provision is made for such attorney's fee by contract.

If Bamberger had prevailed in the instant action and recovered judgment he would have been entitled to a reasonable attorney's fee to be fixed by the court. Therefore, the trial court erred in striking from Bamberger's pleadings the allegations concerning his right to a reasonable attorney's fee.

## PROPOSITION III

Bamberger alleged in his cross petition action for the recovery of actual and exemplary damages resulting from and by

virtue of the filing of the foreclosure action. The trial court sustained Bank's motion to strike these pleadings and Bamberger contends the trial court erred in sustaining such motion to strike.

Bank's theory seems to be that Bamberger's allegations with reference to damages were redundant and irrevalent matters and were so indefinite and uncertain that the precise nature of the charges were uncertain.

 Although Bamberger's allegations with reference to actual and exemplary damages may not constitute model pleadings, such allegations do constitute causes of actions against Bank. Such pleadings were not irrevalent and redundant and the alleged causes arose out of the same transaction or occurrence which formed the basis for the original cause and the same constituted justiciable causes which could be joined with the original cause filed by Bank.

 In Soper v. Enid Hotel Company, Okl., 383 P.2d 7, we held that where a petition contains allegations of ultimate facts which are pertinent and germane to a cause of action, it is error for the trial court to strike such allegations from the petition. See also Turk v. Page, 68 Okl. 275, 174 P. 1081.

We can only conclude that the trial court erred in striking Bamberger's allegations with reference to actual and exemplary damages.

The cause is reversed and remanded with directions to the trial court to vacate the default judgment rendered, vacate the order sustaining the demurrer and motion to strike that portion of Bamberger's pleadings concerning a reasonable attorney's fee, actual and exemplary damages, and take such further action as may be indicated.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and BERRY, JJ., concur.