Harold D. BOOS and Howard M. Boos, Plaintiffs in Error,

v.

A. M. DONNELL et al., Defendants in Error.

No. 41014.

Supreme Court of Oklahoma.

Oct. 25, 1966.

Rehearing Denied Dec. 27, 1966.

Harold B. Dane, Stigler, for plaintiffs in error.

Joe R. Boatman, Bonds, Matthews & Mason, Muskogee, Green & Feldman, Houston, Klein & Davidson, by Lee Grigg and Richard T. Sonberg, Tulsa, for defendants in error.

IRWIN, Justice.

Harold D. Boos and Howard M. Boos, herein designated as plaintiffs, are duly licensed by the State of Oklahoma, through the Board of Chiropractic Examiners, to practice chiropractic. On February 26, 1962, plaintiffs submitted their applications to render chiropractic service to their patients in the Muskogee General Hospital to that hospital's Board of Control. The board rejected their applications and plaintiffs commenced this proceeding against numerous defendants, both individually and in their official capacities, to recover damages for refusing to allow plaintiffs the right to practice in the hospital.

After various motions, plaintiffs filed their amended petition and subsequently defendants filed various motions and general demurrers. The trial court considered the demurrers and entered its order sustaining same. Plaintiffs elected to stand on their amended petition and perfected this appeal.

Plaintiffs contend the trial court erred in sustaining defendants' demurrers to the amended petition. They assert numerous arguments but stripped of all the various assertions the basic question is: Did plaintiffs have a right to receive Muskogee General Hospital medical staff privileges and did the defendants owe a duty to these plaintiffs to grant them the requested staff privileges in said hospital?

For the purpose of testing the sufficiency of a petition, a demurrer thereto admits the truth of all facts well pleaded together with all inferences which may be drawn therefrom. The petition is to be liberally construed in favor of plaintiffs, but if plaintiffs are not entitled **as**

a matter of law to recover under facts alleged in the petition, the demurrer thereto should be sustained. Holt v. Jones, 208 Okl. 30, 252 P.2d 460.

■ Before proceeding to examine the sufficiency of this petition it is essential that we ascertain the theory upon which plaintiffs are proceeding. There is no allegation or contention regarding the alleged breach of a contract. They do not seek hospital medical staff privileges in this action but only seek damages because defendants refused to grant them hospital privileges. Therefore, plaintiffs are seeking relief in this action based on a tort and one of the essential elements in a tort action is the existence of a duty imposed by statute, or otherwise, in favor of the party allegedly injured and on the party whose conduct produces the injury. 86 C.J.S. Torts § 6.

In plaintiffs' applications to render chiropractic service in the Muskogee General Hospital, plaintiffs set forth Title 63 O.S.1961, § 329.7, which provides that " * * * nothing in this Act shall deprive any citizen of this State from selecting any practitioner licensed to practice his profession by the State of Oklahoma."

The Act above referred to was enacted in 1945. See 1945 Oklahoma Session Laws, Chapter 1e, page 232. The above section relates only to patients and not to practitioners and plaintiffs are entitled to recover only upon a showing that their rights, not their patients' rights, have been violated. In other words, if plaintiffs' patients have been denied any statutory rights under the above provision as a result of the acts of defendants, then the cause of action would rest in the patients and not the plaintiffs.

The Muskogee General Hospital is a municipal hospital and was established under the provisions of Title 11 O.S.1961, §§ 544.1–544.9. Section 544.1 authorizes the governing board of any municipality to establish and maintain a municipal hospital. Section 544.2 provides that the municipal governing board may place the exclusive management and control of said hospital under a board of control, which consists of five (5) members chosen from the citizens of the municipality, who shall hold office for a term of five (5) years. Section 544.4 provides the board of control shall adopt rules and regulations for the governing and operation of the hospital. Section 544.6 is as follows:

*"It shall be the duty of the board of control* to appoint none other than competent and experienced nurses and attendants for said hospital, and to employ competent and experienced *physicians and surgeons to care for, and render medical and surgical treatment* to, the patients of the hospital." (emphasis ours).

The Legislature used clear unambiguous language when it placed a duty on the board of control to employ physicians and *surgeons to render medical and surgical* services to the patients. It now becomes necessary to consider various pertinent statutes and ascertain if these plaintiffs come within the limitations expressed by the Legislature in the above statutory language.

Title 59 O.S.1961, §§ 161 through 168, regulate the practice of chiropractic and plaintiffs were licensed to practice under the provisions thereof. The Legislature did not refer to such licensees as "physicians and surgeons" but to the contrary, referred to such licensees as "practitioners". Furthermore, at no place therein did the Legislature authorize individuals licensed thereunder to practice "medicine and surgery". In fact the contrary is clearly expressed by the Legislature in Section 164d. This section prescribes grounds for the revocation or suspension of a chiropractic license. Under subsections (g) and (i) of Sec. 164d, a chiropractor's license may be revoked or suspended for the

practice or attempt to practice major or minor surgery in this State or if they possess, administer or prescribe any drug, medicine, serum or vaccine, other than vitamins, minerals and nutritional supplements not having therapeutic qualities.

Title 59 O.S.1961, §§ 481 through 518, relate to individuals who qualify and are licensed to practice by the Board of Medical Examiners. As to individuals licensed under these statutory provisions, the Legislature makes constant reference to the fact such licensees are authorized to engage in the practice of "medicine and surgery". Furthermore, there is a constant reference to them as "physicians and surgeons".

The above described language and distinctions were adopted many years ago by the Legislature and have remained unchanged to this date. The constant reference by the Legislature to those licensed by the Board of Medical Examiners as "physicians and surgeons" and the complete lack of such reference as to licensed chiropractors, cannot be ignored.

■ Use of the terms "physicians and surgeons" and "medicine and surgery" by the Legislature in Section 544.6, supra, disclose a clear intent to restrict or limit said hospital privileges and facilities to those individuals duly licensed to practice by the Board of Medical Examiners; and that duly licensed chiropractors are not "physicians and surgeons" nor are they authorized to render "medical and surgical" treatment, as those terms are used in Title 11 O.S.1961, § 544.6.

Having reached the above conclusion, it is obvious there was no duty on the defendant hospital board of control to grant hospital staff privileges to plaintiffs. To the contrary, said defendant had a statutory duty to refuse plaintiffs' request. Therefore, one of the essential elements of a cause of action based on tort is missing.

Since one of the essential elements to sustain plaintiffs' cause of action for damages is absent, it becomes unnecessary to consider other specifications of error urged by plaintiffs.

Judgment affirmed.

HALLEY, C. J., and DAVISON, WILLIAMS, BLACKBIRD and BERRY, JJ., concur.

JACKSON, V. C. J., concurs in results.