514 P.2d 1282

**VALLEY BANK AND TRUST COMPANY,**
a Utah corporation, Plaintiff
and Respondent,

v.

**WEYERMAN FEATHERS et al.,**
Defendants and Appellant.

No. 13198.

Supreme Court of Utah.

Oct. 11, 1973.

Don Blackham, Salt Lake City, for defendants and appellant.

W. Jeffery Fillmore of Biele, Jones, Murphy & Haslam, Salt Lake City, for plaintiff and respondent.

CALLISTER, Chief Justice:

Plaintiff bank initiated this action against Green and Keith, who were conducting business as Weyerman Feathers, to recover the sum of $1000, an item paid by the payor bank to the payee Weyerman Feathers over the stop-payment order of the drawer. Northrup Archery had a checking account with the plaintiff. On September 16, 1970, Norris Northrup, dba Northrup Archery, issued a check drawn on the checking account, payable to Weyerman Feathers, in the sum of $1000 and delivered the same to the payee. On the same day, Janice Northrup, the wife of Norris, and a joint depositor on the Northrup Archery account, went to the bank and executed a written stop-payment request, which the bank duly accepted and processed to go on the computer run. On October 6, 1970, the check was presented to plaintiff, and a cashier's check was issued to Weyerman Feathers. On the particular day the check was presented, the computer had failed to print out the symbol which notified the bank personnel of the stop-payment order. Subsequently, the plaintiff had Norris Northrup execute an affidavit, stating that he had no obligation to Weyerman Feathers at the time of the issuance of the check and that he did not obtain any consideration for said issuance. Norris further swore that Weyerman Feathers had received funds from payment of the check and had been unjustly enriched and was not entitled to the funds. The bank restored the $1000 to the Northrup account.

The bank proceeded against the payee under Section 70A-4-407, U.C.A.1953, which provides:

If a payor bank has paid an item over the stop payment order of the drawer or maker or otherwise under circumstances giving a basis for objection by the drawer or maker, to prevent unjust enrichment and only to the extent necessary to prevent loss to the bank by reason of its payment of the item, the payor bank shall be subrogated to the rights

.    .    .    .    .    .

(b) of the payee or any other holder of the item against the drawer or maker either on the item or under the transaction out of which the item arose; and

(c) of the drawer or maker against the payee or any other holder of the item with respect to the transaction out of which the item arose.

Subsequently, plaintiff amended its complaint and joined Norris Northrup, dba as Northrup Archery, as a party. Plaintiff's position was that either Northrup under subsection (b) or Weyerman Feathers under subsection (c) of Section 70A-4-407,

U.C.A.1953, had been unjustly enriched and the bank was entitled to reimbursement.

During the trial, the stop-payment request, executed by Janice Northrup was introduced in evidence. At the conclusion of the trial, plaintiff's counsel directed the court's attention to the evidence that the check was drawn by Norris Northrup and the stop payment was directed by his wife. Plaintiff urged that one depositor in a joint bank account may not stop payment of another joint depositor's check. Plaintiff urged that the stop-payment order was improper, and it properly paid the check, which only Norris had the right to countermand. The trial court requested a brief on this subject.

The trial court, thereafter, rendered judgment against Norris Northrup. The court found that the check was drawn upon an account jointly owned by Norris and Janice Northrup and that Janice placed the stop-payment order on a check drawn by Norris. The court concluded that Norris and Janice had a joint checking account as prescribed by Section 7–3–45, U.C.A.1953, and that thereunder the joint tenant, Janice, had no right to countermand the order of payment of funds by the other joint tenant, Norris.

On appeal, defendant Norris Northrup urges that the trial court erred in its determination. Defendant points to the fact that the bank accepted the request of Janice and that the check was paid because of a computer error. In the affidavit drafted by the bank, there is recitation that Norris requested the stop-payment order. In its complaint the bank alleged that Norris requested the stop-payment order. Throughout the entire matter, both the bank and Norris have exhibited through their conduct that Janice acted on behalf of Norris.

Plaintiff has relied solely on Brown v. Eastman National Bank of Newkirk,[1] wherein the court stated that the relation between a bank and its depositor was contractual. The court specifically noted that there were no allegations that the bank and depositors had entered into any express agreement respecting the right to control the deposit account. The court relied on a statutory provision, which authorized a bank to pay the deposit to either joint depositor, and upon such payment the bank was discharged. The court reasoned that the bank was authorized to pay the deposit on the order of either party. The court explained that the right of one joint depositor to stop payment on the check of the other joint depositor was inconsistent with the latter's right to write checks on the account. The court stated that since the husband was entitled to write the check on the account, he was entitled to have it paid, and it was the duty of the bank to make

1. Okl., 291 P.2d 828 (1955).

payment when the check was presented. The court stated that it could not reasonably infer under the facts pleaded that it was the duty of the bank to comply with the request to refuse payment.

The instant case is readily distinguishable from the foregoing. Plaintiff bank did not refuse to comply with the stop-order payment; the payment was caused by a computer error. Furthermore, there was an express joint account deposit agreement between the bank and the Northrups; so that Section 7-3-45, U.C.A.1953,[2] does not constitute the complete agreement between the bank and its depositors.

The agreement between Northrups and the bank provided:

> The above named depositors, jointly and severally, by affixing their respective identifying signatures, agree that all funds in the account, or that may hereafter be credited to said account, shall be payable to either of us or the survivor of us, *each hereby appointing the other as attorney for purpose of endorsement, deposit or withdrawal.* . . . [Emphasis added.]

Whether the action of Janice Northrup be considered as an agent of her husband,

concerning the disposition of the funds in the account, or as a principal disaffirming the act of her agent husband in ordering a withdrawal, her request to stop payment was valid under the circumstances. The question of her authority so to act was never raised or put in issue until the conclusion of the trial, a period in excess of two years after the bank had accepted her request to stop payment.

Section 70A-4-403, U.C.A.1953, confers on a customer the right to order his bank to stop payment of any item payable for his account so long as the bank is afforded a reasonable opportunity to act upon it.

In the Official Comment to the Uniform Commercial Code, following Section 4-403, it is stated:

> 2. The position taken by this section is that stopping payment is a service which depositors expect and are entitled to receive from banks notwithstanding its difficulty, inconvenience and expense. The inevitable occasional losses through failure to stop should be borne by the banks as a cost of the business of banking.

The judgment of the district court is reversed, and this cause is remanded for dis-

---

**2.** "When a deposit has been made in any bank in the names of two or more persons, payable to any one of such persons or the survivor of them, such deposit or any part thereof or any interest or dividend thereon may be paid to any one of such persons, whether the other or others be living or not, and the receipt or acquittance of the person so paid shall be valid and sufficient release and discharge to the bank for any payment so made."

position in accordance with this opinion. Costs are awarded to defendant Northrup.

HENRIOD, ELLETT, CROCKETT and TUCKETT, JJ., concur.